## Orner v. Hurwitch.

M. D. Hutkin, for plaintiff; H. Arronson, for garnishee.

MARTIN, P. J., July 26, 1929.—Judgment was entered on a contract under the terms of which plaintiff had the exclusive agency for the sale of a piece of real estate and the business conducted thereon. The contract was to remain in effect and be irrevocable for a period of three months from its date. Plaintiff was to remain the sole agent until after thirty days' notice in writing of the revocation of his appointment was given. It was provided in the agreement that plaintiff was to receive "the sum of 5% commission, $625, upon the sale of the real estate or business," which shall become immediately due and payable upon the making of any agreement for the sale or transfer of the real estate or business. The agreement also provided that the defendant empowered any attorney of any court of record of the United States or elsewhere to appear for and enter or confess judgment against him "for the above

404

mentioned compensation, with or without declaration, with costs of suits, release of errors, without stay of execution, and an attorney's fee of 10% for collection." Damages were assessed at $689.90.

Defendant presented a petition, averring that: ". . . It appears from the face of the statement filed of record in the above entitled cause that the compensation therein mentioned is to be payable only in the event of a sale made as result of the efforts of the said Harry A. Orner during the period mentioned in the said agreement;" it was averred that the record does not show that any attorney confessed judgment against the defendant, and that the prothonotary entered the judgment without authority; the prothonotary has no power to enter a valid judgment where the amount due and owing does not appear upon the face of the instrument, and the happening of the contingent event and the amount for which the judgment was to be entered cannot be ascertained from the face of the agreement; that there is no method of ascertaining from the agreement in this case what sum, if any, is due and owing unless resort is had to outside or extrinsic evidence; there is nothing on the face of the instrument to indicate that the condition upon which the confession of judgment was to become effective has been fulfilled by the plaintiff or that any indebtedness has been incurred under the terms of the instrument.

A rule was granted to show cause why the judgment should not be stricken from the record and the attachment issued thereon dissolved.

The agreement provided that plaintiff was to receive 5 per cent. commission upon the sale of the real estate or business described, compensation to become due upon the making of any agreement for the sale or transfer of the real estate or business. The figures "$625" were mentioned as the amount of commission calculated upon the price at which defendant held the property. But no indebtedness was to be created until a contract of sale was made, and that a sale had been made could be learned only from evidence outside of the written agreement.

In the case of Meyers & Joly v. Freiling, 81 Pa. Superior Ct. 116, 118, it was said: ". . . The statute [referring to the Act of Feb. 24, 1806, 4 Sm. Laws, 270] was evidently adopted to enable a creditor to obtain a judgment on an obligation for the payment of money without the expense of the intervention of an attorney. Obviously such judgment could only be entered for an amount appearing to be due by the terms of the obligation, and this is what the statute expressly declares. The judgment is to be entered for an amount which appears to be due on the face of the instrument. When this amount cannot be ascertained without a resort to evidence outside of the writing, the statute does not support the judgment. Where there is not a fixed and definite amount admitted to be due on the face of the instrument, the prothonotary has not authority to accept evidence on the subject and in the capacity of an arbitrator or referee ascertain facts not appearing in the instrument to which the warrant of attorney is attached. Justification for bringing a defendant into court and fixing his liability in the conclusive form of a judgment on a warrant of attorney must be found in the terms of the instrument containing the authority, and in the case of a prothonotary acting under the statute, is not to be extended beyond the definite power which the law confers. An inspection of the instrument supporting the judgment in this instance shows that it is not an obligation for the unconditional payment of a definite sum at any definite time. The claim is for a conditional payment arising on the sale of real estate and was contingent on the occurrence of the sale. . . . The commission was to become payable to the plaintiffs 'as soon as agreement is made to sell said place.' . . . Evidently therefore no one

could tell by an inspection of the instrument on the day when the judgment was entered what the rights of the plaintiffs and defendant were with respect to the contract. They could only be ascertained by an inquiry as to whether the conditions existed out of which a liability to pay would arise, and especially it could not be ascertained from inspection whether an agreement to sell had been made. . . ."

The agreement in the present case does not authorize the prothonotary to enter judgment against the defendant, and the rule to strike off the judgment and dissolve the attachment should be made absolute.

It is ordered that the rule to show cause why the judgment entered in the above-entitled case should not be struck off and the attachment issued thereon dissolved is made absolute, and it is ordered that the judgment be struck off and the attachment be dissolved.