## Grady *v.* Schiffer, Appellant.

Argued January 9, 1956. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Eugene F. Mande,* with him *Nathan Teitelman,* for appellant.

*Joseph B. Quinn,* for appellee.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, March 13, 1956:

Acting under authority of a warrant of attorney to confess judgment contained in a lease, the assignee of the lessor caused judgment to be entered against the lessee in the sum of $7,175 plus an attorney's commission of 5%, and issued an attachment execution against

the lessee's bank account. The lessee obtained a rule to show cause why the judgment should not be stricken off and also a rule to show cause why it should not be opened. The court below discharged the rule to strike off the judgment without prejudice to the rule to open. From that order the lessee now appeals.

The lease agreement in question, dated January 8, 1953, is between the Pennsylvania Company for Banking and Trusts, Agent for Administrators of the Estate of Henrietta E. Garrett, Deceased, as lessor, and Samuel G. Schiffer, trading as Sally Shops, as lessee. It leases the first floor and basement of premises 133 South 13th Street, Philadelphia, as a women's specialty shop for a term of one year from January 1, 1953, and then from year to year in default of notice by either party to terminate. The lessee vacated the premises on May 31, 1955, having paid all the rent then due. Meanwhile, on March 1, 1955, the lease had been assigned by the lessor to James J. Grady, the plaintiff herein.

The warrant of attorney contained in the lease is as follows: "If the rent and/or *any charges hereby reserved as rent* shall remain unpaid on any day when the same ought to be paid, Lessee hereby empowers any Prothonotary or attorney of any Court of Record to appear for Lessee in any and all actions which may be brought for said arrears of rent or *charges reserved as rent, . . . .*" The judgment confessed thereunder embraced two sets of claims, one, amounting to $5,800, for the value of six items of property which had allegedly been improperly removed from the premises by the lessee, and the other, amounting to $1,375, for three items of damage to the premises which plaintiff was obliged to repair. The question in the case is whether these claims are within the scope of the warrant of attorney to confess judgment, that is to say,

whether they are *"charges reserved"* therein *"as rent."*

As to the alleged removal of property, clause 9(d), of the lease provides that "All alterations, improvements, additions or fixtures, whether installed before or after the execution of this lease, shall remain upon the premises at the expiration or sooner determination of this lease and become the property of Lessor, . . . .". Clause 6(a) provides that "Lessee agrees to pay in addition to the minimum rental herein reserved any and all sums which may become due by reason of the failure of Lessee to comply with all of the covenants of this lease and any and all damages, costs and expenses which the Lessor may suffer or incur by reason of any default of the Lessee or failure on his part to comply with the covenants of this lease, and each of them, and also any and all damages to the demised premises caused by any act or neglect of the Lessee." Plaintiff argues that this clause amounts to a *reservation as rent* of the loss incurred to lessor by the breach of lessee's obligation not to remove such items of property from the premises. But the clause in question cannot be so construed. In clause 6(c), (d) and (e) the lessee agrees to pay to lessor *as additional rent* certain items of fire insurance premiums, water rent, and sewer rent, indicating that when the intention was to make such items *part of the rent* the lessor trust company, which prepared the lease, clearly knew how to express such intention. The provision in clause 6(a) that the payments there provided for were to be *in addition to the rental therein reserved* clearly makes such payments, not a *part of the rent,* but sums to be paid *in addition to* the rent. The general heading of clause 6, "Additional rent," is obviously applicable only to clauses (c), (d) and (e). Nor is the entry of judgment for such sums justified by the provision of clause 8(a) that the "Lessee agrees that any charge or payment

herein reserved, included, or agreed to be treated or collected as rent and/or any other charges or taxes, expenses, or costs herein agreed to be paid by the Lessee may be proceeded for and recovered by the Lessor by distraint or other process in the same manner as rent due and in arrears," since the phrase "distraint or other process" does not cover, and cannot be extended to apply to, a confession of judgment. It is a firmly established rule of construction in the case of warrants of attorney to confess judgments that the authority thus given must be clear, explicit and strictly construed, that if doubt exists it must be resolved against the party in whose favor the warrant is given, and that all proceedings thereunder must be within the strict letter of the warrant: *Boggs v. Levin,* 297 Pa. 131, 134, 146 A. 533, 534; *William B. Rambo Building & Loan Association v. Dragone,* 305 Pa. 24, 26, 156 A. 311, 312; *Baldwin v. American Motor Sales Co.,* 309 Pa. 275, 277, 163 A. 507, 508; *Solazo v. Boyle,* 365 Pa. 586, 588, 76 A. 2d 179, 180; *Polis v. Russell,* 161 Pa. Superior Ct. 456, 460, 55 A. 2d 558, 560. It follows, therefore, that the warrant of attorney conferred no authority to enter judgment for the items of property allegedly removed improperly from the demised premises and therefore the judgment must be stricken off.

It is true, as argued by the lessor, that the second set of items, consisting of amounts which the lessor was allegedly obliged to expend in order to repair damage to the premises, might properly have been the subject of a confession of judgment entered under the warrant of attorney. The lessee agreed in clause 8(b) of the lease that he would replace all glass windows broken, repair all damage to the premises, keep the same in good order and repair as they were at the time of the demise, and surrender them in that same condition. Clause 13(e) provides that "In the event of the failure

of Lessee promptly to perform the covenants of Section 8(b) hereof, Lessor may go upon the demised premises and perform such covenants, the cost thereof, at the sole option of Lessor, *to be charged to Lessee as additional and delinquent rent."* Here therefore, there is an explicit provision.making such cost a charge reserved *as additional rent,* thereby bringing it under the express terms of the warrant of attorney. But, since the judgment as entered constituted a grossly excessive and improper use of the authority given, it must be stricken off as an entirety.

While the lessee agreed in the lease that any judgment entered against him by virtue of the power of attorney contained in the lease should be final, and that he would not take an appeal therefrom, or file a motion or rule to strike off or open it, such a waiver of the right to appeal applies only to the right to attack mere irregularities apparent in the record and does not cure the defect of a lack of authority to confess the judgment: *Curry v. Bacharach Quality Shops, Inc.,* 271 Pa. 364, 372, 373, 117 A. 435, 438; *Boggs v. Levin,* 297 Pa. 131, 135, 146 A. 533, 534; *Altoona Trust Co. v. Fockler,* 311 Pa. 426, 434, 435, 165 A. 740, 742; *West Penn Sand & Gravel Company v. Shippingport Sand Company,* 367 Pa. 218, 222, 80 A. 2d 84, 86; *Disanto v. Rowland,* 83 Pa. Superior Ct. 155, 157; *Grakelow v. Kidder,* 95 Pa. Superior Ct. 250, 257, 258; *Markeim-Chalmers-Ludington, Inc. v. Mead,* 140 Pa. Superior Ct. 490, 495, 14 A. 2d 152, 154; *Polis v. Russell,* 161 Pa. Superior Ct. 456, 461, 55 A. 2d 558, 561.

The order of the court below discharging the rule to strike off the judgment is reversed and the record is remanded with direction to make the rule absolute.