## Housing Mortgage Corporation *v.* Tower Development & Investment Corporation, Appellant.

Argued November 14, 1960. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*John A. Metz, Jr.,* with him *C. Joseph Recht, Guy L. Warman,* and *Metz, Cook, Hanna & Kelly,* for appellant.

*Dale Cleland,* with him *W. Denning Stewart,* and *Ira Hurwick,* for appellee.

OPINION BY MR. JUSTICE BELL, January 16, 1961:

The question involved is very narrow. Where a judgment is confessed on a note in a large amount which is authorized by the judgment, but includes on its face an item which is wholly unauthorized by the

warrant of attorney, is the judgment valid as to the amount properly confessed, or is the entire judgment void and should be stricken off?

Defendant petitioned to open and likewise petitioned to strike off a judgment entered by confession in the amount of $232,270.94, by virtue of a warrant of attorney contained in a mortgage note. There was included in the confessed judgment "insurance premiums totaling $1822.56," an item which was not included in the mortgage note. The lower Court opened but refused to strike the judgment and from its Order refusing to strike the judgment this appeal was taken. The law is well settled that a warrant of attorney authorizing the confession and entry of a judgment—because it is such an oppressive weapon—must be strictly construed and strictly followed according to and with all its terms: *Grady v. Schiffer*, 384 Pa. 302, 121 A. 2d 71; *Baldwin v. American Motor Sales*, 309 Pa. 275, 163 A. 507; *Park-Main Co. v. Fayette National Bank & Trust Co.*, 397 Pa. 75, 152 A. 714.

If the judgment as entered is merely for items clearly within the judgment note, but excessive in amount, the Court will modify the judgment and cause a proper judgment to be entered unless (1) the judgment was entered for a grossly excessive amount and hence was an improper use of the authority given in the note, or (2) the judgment entered showed on its face that one or more unauthorized items were included, in either of which events the judgment must be stricken off in its entirety: *Grady v. Schiffer*, supra; *Park-Main Co. v. Fayette National Bank & Trust Co.*, supra.

In *Grady v. Schiffer* the Court said (page 306) : "It is a firmly established rule of construction in the case of warrants of attorney to confess judgments that the authority thus given must be clear, explicit and strictly construed, that if doubt exists it must be resolved against the party in whose favor the warrant is given,

and that all proceedings thereunder must be within the strict letter of the warrant: Boggs v. Levin, 297 Pa. 131, 134, 146 A. 533, 534; William B. Rambo Building & Loan Association v. Dragone, 305 Pa. 24, 26, 156 A. 311, 312; Baldwin v. American Motor Sales Co., 309 Pa. 275, 277, 163 A. 507, 508; Solazo v. Boyle, 365 Pa. 586, 588, 76 A. 2d 179, 180; Polis v. Russell, 161 Pa. Superior Ct. 456, 460, 55 A. 2d 558, 560. It follows, therefore, that the warrant of attorney conferred no authority to enter judgment for the items of property allegedly removed improperly from the demised premises and therefore the judgment must be stricken off."

In *Park-Main Co.*, where the Court sustained an order striking off a judgment, the Court said (page 81): "The inclusion of an improper item is a proper basis for striking off a judgment: Grady v. Schiffer, 384 Pa. 302, 121 A. 2d 71." The improper item which was included in the confessed judgment was "taxes", which were based upon a portion of any increase in the real estate taxes.

The reason for this rule, even in cases like the present where it produces a harsh result, is clearly set forth above and we believe it is wise to adhere to it.

Order reversed. Each party to pay its respective costs.

Mr. Justice MUSMANNO dissents.