## Mulcahy *v.* Loftus, Appellant.

112

Argued May 1, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Milton Jacobson*, for appellant.

*Edward J. Ozorowski*, for appellee.

OPINION BY MR. JUSTICE POMEROY, July 2, 1970:

On February 28, 1967, John E. Loftus, Jr., individually, and Jeljr, Inc., by Loftus as its president and A. Watson as secretary, jointly executed and delivered a promissory note payable 60 days after date to the order of William F. Mulcahy in the amount of $10,000, with interest at the rate of $2\frac{1}{2}\%$ per month. The note contained a power of attorney to confess judgment as of any term. The note was "filed" in the Office of the Prothonotary of Montgomery County on March 6, 1967. Seven weeks later, on May 23, 1967, an assessment of damages was filed in the amount of $11,640.04 computed as follows:

| | |
|---|---|
| Unpaid principal | $10,000.00 |
| Interest from Feb. 28, 1967 to May 22, 1967 at 6% | 140.04 |
| 15% collection fee | 1,500.00 |
| | $11,640.04 |

On July 21, 1967, defendants petitioned to strike off the judgment or in the alternative to open it. Jeljr also alleged that the loan evidenced by the note was without consideration as to it. Defendants' petition was dismissed and Loftus alone has appealed.[1]

There is no doubt that the note called for a usurious rate of interest. Act of May 28, 1858, P. L. 622, §1, as amended, 41 P.S. §3. This defect, however, rendered the note not void, but only voidable as to the interest specified beyond the lawful rate. *Gerber's Estate,* 337 Pa. 108, 127-28, n.7, 9 A. 2d 438 (1939). The payee holder did not seek to collect interest beyond the lawful rate. From and after the liquidation of the judgment by the filing of assessment of damages, the defendants' interest obligation was not excessive. The assessment cured any prior infirmity in the judgment itself. *Housing Mortgage Corp. v. Tower Development & Investment Corp.,* 402 Pa. 388, 167 A. 2d 146 (1961), relied upon by appellant, is not controlling. In that case a judgment entered by confession was stricken off for inclusion of an improper item unauthorized by the warrant of attorney. The judgment here, however, did not exceed the warrant. As we pointed out in that opinion (at page 389), "If the judgment as entered is merely for items clearly within the judgment note, but excessive in amount, the Court will modify the judgment and cause a proper judgment to be entered. . . ." In this instance the payee holder himself effected a modification by the assessment.

Order affirmed.

---

[1] Under the Act of April 27, 1927, P. L. 404, §1, 41 P.S. §2, the defense of usury is not available to a corporation.