## Colisimo v. Gialiano

*Skaroff & Skaroff*, for plaintiff.
*W. Porter*, for defendant.

HIRSH, J., February 2, 1971.—This matter is before the court on reargument and reconsideration of defendant's petition to strike judgment.

This case deals with a judgment entered by confession on a lease of real estate wherein the complaint alleged that defendant inflicted various damage to the leased premises in the amount of $2,000, to which was added an attorney's commission of 15 percent plus interest. Defendant filed a petition to strike judgment, alleging that the lease provided for an attorney's commission of only five percent. The court originally ordered the judgment stricken and plaintiff filed a petition for reargument.

A warrant of attorney to confess judgment must be strictly construed and conform strictly with its terms: Grady v. Schiffer, 384 Pa. 302, 121 A. 2d 71 (1956); and Housing Mortgage Corporation v. Tower Development & Investment Corporation, 402 Pa. 388, 167 A. 2d 146 (1961). It may not be extended by implication or interference beyond the limits expressed in the instrument: William B. Rambo B. & L. Assn. v. Dragone, 305 Pa. 24, 156 Atl. 300 (1931). However, if the judgment is entered for items clearly within the warrant but for an excessive amount, the

court, rather than strike, will modify the judgment and cause a proper judgment to be entered, unless (1) the judgment was entered for a grossly excessive amount and, hence, was an improper use of the authority given in the warrant; or, (2) the judgment entered shows on its face that unauthorized items were included: See Housing Mortgage Corporation v. Tower Development & Investment Corporation, supra; Grady v. Schiffer, supra; Park-Main Co. of Penn., Inc. v. Fayette National Bank and Trust Company of Uniontown, 397 Pa. 75, 152 A. 2d 714 (1959): Roche v. Rankin, 406 Pa. 92 (1962).

Inadvertently, upon reargument, this court discharged the rule to strike judgment and reinstated the judgment without modification as required by law.

Therefore, it is hereby ordered that the judgment is reinstated but the said judgment is modified and the attorney's commission is reduced to five percent.