H. A. Steen Industries, Inc. *v.* Richer Communications, Inc. (W102FM), Appellant.

Argued June 14, 1973. Before WRIGHT, P. J., WAT-KINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and SPAETH, JJ.

*John C. Butera,* with him *Butera & Detwiler,* for appellant.

*Larry S. Keiser,* with him *Becker, Fryman and Ervais,* for appellee.

OPINION BY SPAETH, J., December 11, 1973:

This is an appeal from an order denying a motion to strike or open a confessed judgment.

Appellant agreed to lease from appellee two billboards for a period of two years, each billboard to be painted twice during the term of the lease, the rental to be $200 per month for one billboard and $275 per month for the other. The contract of lease, which was appellee's standard printed form contract, provided that in the event of default in payment, all unpaid rentals for the remainder of the term would become immediately due and payable, and judgment could be confessed in the amount of such unpaid rentals plus an attorney's commission of 18% and interest at 6% per year. The lease was to commence with the initial painting of each billboard: July 27, 1971, for the $200 per month billboard and August 2, 1971, for the $275 per month billboard. Appellant made the following payments before judgment was confessed on March 14, 1972: $200 on July 27, $475 on November 5, and $475 on January 17, for a total of $1,150. Judgment was confessed for $10,-725 for the unpaid rentals* plus an attorney's commission of $1,988.40 and interest of $321.75, for a total of $13,035.15. After confessing judgment, appellee re-rented the two billboards to other customers. The $200 billboard was re-rented on July 17, 1972. It is not clear when the $275 billboard was re-rented; however, appellant's advertisement was removed from it on January 25, 1972. The issue underlying both the motion

---

* Appellee conceded at oral argument that this was a miscalculation and excessive by $475.00.

to strike and the motion to open is whether appellant is entitled to credit for these re-rentals to the extent they were received by appellee during the term of appellant's lease.

## The Motion to Strike

In *Housing Mortgage Corp. v. Tower Development & Investment Corp.*, 402 Pa. 388, 167 A. 2d 146 (1961), a judgment for $232,270.94 was stricken because it included a $1,822.56 "insurance premium" not called for in the warrant of attorney in the mortgage note. The court distinguished the circumstances in which an excessive judgment will be modified from those in which the judgment will be stricken: "If the judgment as entered is merely for items clearly within the judgment note, but excessive in amount, the Court will modify the judgment and cause a proper judgment to be entered unless (1) the judgment was entered for a grossly excessive amount and hence was an improper use of the authority granted in the note, or (2) the judgment entered showed on its face that one or more unauthorized items were included, in either of which events the judgment must be stricken off in its entirety." [Citation omitted.] *Id.* at 389, 167 A. 2d at 147.

By applying this test, it will be seen that the judgment confessed in the present case was not so "grossly excessive" or "unauthorized" as to require it to be stricken. It is one thing for a confessed judgment to be excessive with respect to the amount contemplated by the parties, as, for example, when costs and charges not agreed to in the warrant of attorney are included in the calculation of damages. *See Grady v. Schiffer,* 384 Pa. 302, 121 A. 2d 71 (1956); *Gratz v. Margolis,* 186 Pa. Superior Ct. 268, 142 A. 2d 375 (1958). It is another for the amount to be within the contemplation of the parties. Accepting as correct appellant's argument, that appellee must mitigate damages by giving

appellant credit for the re-rentals, $13,000 may seem to be an excessive amount of damages; nevertheless it is not an abuse of the authority granted in the warrant to claim that amount because the amount is based on the measure of damages specified by the agreement. The slight miscalculation of $475 is in the nature of a mere clerical error. *Cam Vending Service v. Kessler*, 204 Pa. Superior Ct. 400, 204 A. 2d 490 (1964).

*Flomar Corp. v. Logue*, 418 Pa. 181, 210 A. 2d 254 (1965), relied on by appellant, is not to the contrary. There a lease for four years included an acceleration clause and confession of judgment clause. After the lessee's default, the lessor confessed judgment for $17,575, his actual damages being only $4,325. On appeal the judgment was stricken. Although the lessee had signed the warrant of attorney, it had not signed the lease. It was therefore only a tenant at will, and after vacating the premises could not be liable for any rents *in futuro*.

## The Motion to Open Judgment

When a motion to open judgment is directed to a default judgment, three factors are considered on review: whether the motion to open was promptly filed; whether a meritorious defense appears; and whether the default can be reasonably explained or excused. *Fox v. Mellon*, 438 Pa. 364, 264 A. 2d 623 (1970). When the motion to open is directed to a judgment that has been entered by confession, especially where a businessman has agreed to the contract authorizing the confession, the requirements are stricter, for not only must it be shown that the motion was filed promptly, and that there is a meritorious defense, but that the court below committed a manifest abuse of discretion or clear mistake of law. *Funds For Business Growth, Inc. v. Maraldo*, 443 Pa. 281, 278 A. 2d 922 (1971) ; *Thomasik v. Thomasik*, 413 Pa. 559, 198 A. 2d 511 (1964) ; *James*

*v. Silverstein*, 224 Pa. Superior Ct. 489, 306 A. 2d 910 (1973).

Despite the strictness of these limitations, the judgment in the present case must be opened, for in refusing to require appellee to mitigate damages, the court below committed clear error of law.

In *Unit Vending Corp. v. Tobin Enterprises, Inc.,* 194 Pa. Superior Ct. 470, 168 A. 2d 750 (1961), this court affirmed the opening of a judgment by confession. The contracts under consideration involved the leasing of cigarette machines, with damages to the lessor for any breach by the lessee to include loss of future profits from the sales of cigarettes at lessee's premises even after the machines were removed. The lower court opened judgment "so that evidence may be offered to ascertain the actual damages suffered by the plaintiff." *Id.* at 472, 168 A. 2d at 751. In affirming, this court held: "The damages as assessed gave to operator the maximum amount which could be awarded by a jury if the defendants offered no evidence in mitigation of damages . . . . The attorney for the defendant in an amicable action may not give the plaintiff more than he would be entitled to by an adverse proceeding: Grakelow v. Kidder, 95 Pa. Superior Ct. 250." *Id.* at 478, 168 A. 2d at 753.

It is true that there are situations in which a non-breaching party is entitled to recover lost profits with no duty to mitigate damages. For example, where the product is manufactured, and two are as easily manufactured as one, a non-breaching seller may get two profits from the combination of one default and one sale. *See, e.g.,* U.C.C. §2-708(2), 12A P.S. §2-708(2), which applies to the sale of goods.* Thus, in this case, if appellee had a potentially unlimited supply of billboards, so that it could accommodate as many customers

---

* It may be noted in passing that §2-708(2) is not applicable to the lease of a billboard, for a lease is not a "sale of goods".

as it could find (just as the publisher of a newspaper can with relative ease add advertisements to his copy), it would be entitled to lost profits without mitigation. "For the breach of an advertising contract there should be no reduction in damages merely because the space taken by the defendant could have been filled, provided that the plaintiff had other space in which advertisements could be put." 5 Corbin, Contracts §1041 (1964 ed.).

There is no indication that appellee "had [such] other space," and the fact that the billboards were rather quickly re-leased indicates that it did not. In any case, billboards are more like real estate or capital assets than mass-produced goods or printed advertisements. The rule for real estate is that where the lessor terminates the lease and enters into possession he may not have possession of the premises and also judgment for rent for the unexpired period of the lease. *Markeim-Chalmers-Ludington v. Mead,* 140 Pa. Superior Ct. 490, 14 A. 2d 152 (1940). By analogy, neither may the lessor of a billboard collect double rent.

The order of the court below refusing appellant's motion to strike the judgment is affirmed; the order refusing to open the judgment is reversed, and the judgment is opened so that evidence may be offered to ascertain the actual damages suffered by appellee.