## Commonwealth v. Bankes

*Joseph M. Farrell, Assistant Attorney General,* for plaintiff.

*Joseph F. Torsella,* for defendant and garnishee.

MYERS, *P.J.*, September 2, 1976 — In his capacity as defendant's attorney, garnishee represented defendant in a damage claim against a third-party tortfeasor. Garnishee participated in a negotiated settlement of the claim. Part of the proceeds of the settlement were disbursed to defendant on May 11, 1976, in accordance with the attorney-client agreement entered into by defendant and garnishee.

Plaintiff then entered a judgment by confession against defendant, in order to recover medical assistance payments which plaintiff had advanced to defendant. To enforce the judgment, plaintiff issued a writ of execution, wherein defendant's attorney was named as garnishee.

Pursuant to Pa. R.C.P. 3144, plaintiff then served written interrogatories upon garnishee. Subsequently, garnishee sought a protective order, based upon the theory of attorney-client privilege.

The motion for protective order must be denied, since the attorney-client privilege may be asserted only to protect confidential communications made

by a client to his attorney, subject to certain exceptions.

In the instant case, the interrogatories do not seek any confidential communications. Rather, the interrogatories seek only to ascertain how much of defendant's damage award is now being held by garnishee.

Furthermore, the amount of money held by garnishee cannot constitute privileged information, because said amount is known to various additional persons, including the third-party tortfeasor, his attorney, and his insurance company. The attorney-client privilege only governs secret communications: Loutzenhiser v. Doddo, 436 Pa. 512, 260 A. 2d 745 (1970); Beisgen Estate, 387 Pa. 425, 128 A. 2d 52 (1956). Hence the privilege does not apply to the instant case.

In addition to the motion for protective order, garnishee also filed a motion to strike. However, garnishee failed to set forth any legal basis to justify striking the judgment.

If a judgment appears to be regular on its face, it should not be stricken: H. A. Steen Industries, Inc. v. Richer Communications, Inc., 226 Pa. Superior Ct. 219, 314 A. 2d 319 (1973); Cam Vending Service v. Kessler, 204 Pa. Superior Ct. 400, 204 A. 2d 490 (1964). In the instant case, the judgment contains no apparent defects on its face.

In our view, the judgment was properly entered in accordance with the laws of this Commonwealth and the United States. According to section 4 of the Act of June 24, 1937, P.L. 2045, 62 P.S. §1974, whenever a public assistance recipient in Pennylvania has a cause of action for damages which exists, or accrues, during the time assistance is granted, part or all of the amount of assist-

ance provided by the Commonwealth must be reimbursed if the recipient subsequently collects a damage award. The Pennsylvania statute and the regulations of the Pennsylvania Department of Public Welfare comply fully with the requirements of Federal law. See Act of August 14, 1935, c. 531, Title XIX, §1902, as amended, 42 U.S.C.A. §1396a(25), 79 Stat. 344.

We, therefore, conclude that the motion to strike and the motion for protective order must both be dismissed.

Accordingly, we enter the following

### ORDER

And now, September 2, 1976, defendant's motion to strike the within judgment is denied. Garnishee's motion for protective order pursuant to plaintiff's written interrogatories is denied.

Exception noted.