*852
 
 OPINION OF THE COURT
 

 GREENBERG, Circuit Judge.
 

 Debtors, FRG, Inc. and FRP Limited Partnership a/k/a Franklin Realty Partners, agreed to pay Bruce Manley $100,000 in settlement of a lawsuit brought by Manley against them in the United States District Court for the Eastern District of Pennsylvania, for the recovery of commissions and benefits due him by reason of his former employment with the debtors. The $100,000 debt was evidenced by an installment promissory note which included a confession of judgment clause. After the debtors filed Chapter 11 bankruptcy proceedings, Manley sought relief from the automatic stay of the Bankruptcy Code so that he could pursue the collection of the unpaid debt in proceedings in the Pennsylvania state courts. He alleged that he was a secured creditor, as he had confessed judgment on the note for $80,000 and had attached one of the debtors’ bank accounts at Fidelity Bank with sufficient funds to secure the entire debt. He further alleged that the debtors had no interest in the funds. At the conclusion of Manley’s case at an evidentiary hearing on his motion, the debtors moved for and obtained a directed verdict. Manley, appealed to the district court pursuant to 28 U.S.C. § 158(a), but that court affirmed the bankruptcy court order. Manley then filed this appeal under 28 U.S.C. § 158(d).
 
 [1]
 
 We find that the bankruptcy court and district court erred in concluding that, on the record before the bankruptcy court at the end of Manley’s case, he was not entitled to relief. We will therefore reverse the order of the district court and will remand this case to it, so that it may be further remanded to the bankruptcy court to complete the proceedings on Manley’s application.
 

 I. BACKGROUND
 

 The basic facts are not in dispute.
 
 [2]
 
 In June, 1987, Manley, a former employee of the debtors, sued them in the underlying district court action. In August, 1988, Manley and the debtors, each represented by counsel, entered into a settlement agreement providing for the debtors to pay Manley $100,000 in six installments.
 
 [3]
 
 The debtors executed a note for the $100,000 which provided that:
 

 Should payment not be received ... on the tenth day following delivery of the notice [of default], then [FRG and FRP] hereby authorized irrevocably, the Pro-thonotary, Clerk of Court, or any Attorney of any Court of Record to appear for [FRG and FRP] in such Court, in term, time, or vacation, at any time before or after maturity and confess a judgment without process in favor of Manley, holder of this Note, with or without the filing of an Averment or Declaration of Default, for the unpaid balance thereon, together with costs and attorney’s fees.
 

 App. at 24.
 

 The debtors’ counsel specifically agreed to this confession of judgment provision and helped draft it.
 

 The debtors paid the first two installments of $10,000 but did not make a $15,-000 payment due on October 16, 1988. After the debtors failed to cure this default, Manley confessed judgment against them in the Court of Common Pleas of Philadelphia County on November 9, 1988, for the remaining $80,000 due on the settlement. Manley then attached FRG’s account at Fidelity Bank in Philadelphia and served a Writ of Execution for $80,000.
 
 [4]
 
 At the
 
 *853
 
 time of the attachment, there were sufficient funds in the Fidelity account to satisfy the remaining debt.
 

 On November 29, 1988, the debtors filed a motion in the common pleas court to open or strike the judgment and on that day that court entered an order staying Manley from executing on the Fidelity account. By an order of January 13, 1989, the common pleas court opened the confessed judgment but did not strike it. Its opinion stated, in pertinent part:
 

 Pennsylvania law requires that the language of a confession of judgment clause be strictly construed.... This Court must narrowly interpret the terms of the subject confession clause, specifically, the ability to make due all future payments.
 

 After careful review of the Note’s confession provision, we find that the Note fails to clearly and unequivocally provide for acceleration of all future payments upon default. This Court is persuaded that a strict interpretation of the confession clause would limit judgment to the unpaid portion of the overdue payment.
 

 Manley v. FRG, Inc.,
 
 November Term, 1988 Civ. No. 606 (Ct. Common Pleas, Philadelphia County, Jan. 13, 1989) (omitting citations).
 

 Manley and the debtors both appealed to the Superior Court of Pennsylvania from the order of January 13, 1989, but while the appeals were pending the debtors paid Manley the overdue $15,000, without prejudice to the rights of the parties in the litigation. Thereafter, on May 17, 1989, the debtors filed voluntary petitions pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. Under 11 U.S.C. § 362, prosecution of the appeals from the order of the common pleas court opening the judgment was automatically stayed; thus Manley has been ■ effectively blocked from making a recovery in the state court proceedings.
 
 [5]
 
 The bankruptcy proceedings were later transferred to the United States Bankruptcy Court for the Eastern District of Pennsylvania, where they are ongoing.
 

 On September 20, 1989, Manley filed a motion for relief from the automatic stay pursuant to section 362(d) of the Bankruptcy Code so that he could pursue the state court proceedings. The hearing on his application leading to this appeal was held in the bankruptcy court on October 18, 1989.
 
 [6]
 
 
 *854
 
 When the bankruptcy court granted the debtors’ motion for a directed verdict it entered an order providing as follows:
 

 AND NOW, this 18th day of Oct., 1989, upon consideration of the Motion of Bruce Manley for relief from the bankruptcy court stay, after a lengthy hearing of this date, it is hereby ORDERED that the Motion be denied. The only basis for the Movant’s contention that his claim is secured is a confessed judgment which has been opened by the state court. After review of the state court judge’s Opinion and in light of our holding in
 
 In re Souders,
 
 75 B.R. 427 (Bankr.E.D.Pa.1987), we find that the Movant’s security interest is of sufficiently doubtful validity that we do not believe it justifies compelling the Debtor to be relegated to state court to defend the Mov-ant’s claim there.
 

 In re FRG, INC.,
 
 Ch. 11 Case No. 89-12766-S (Bankr.E.D.Pa. Oct. 18, 1989);
 
 In re FRP,
 
 Ch. 11 Case No. 89-12768-S (Bankr.E.D.Pa. Oct. 18, 1989).
 

 The district court on Manley’s appeal reviewed the bankruptcy court order under an abuse of discretion standard and found that it had not abused its discretion under either section 362(d)(1) or section 362(d)(2) of the Bankruptcy Code.
 
 In re FRG, INC.,
 
 114 B.R. 75 (E.D.Pa.1990). The district court reasoned that the bankruptcy court had not abused its discretion when it determined that Manley’s security interest was of doubtful validity because it was questionable whether the debt could be accelerated upon default, as the note did not include an express acceleration clause. Furthermore, it concluded that the “very existence” of
 
 In re Souders,
 
 75 B.R. 427 (Bank.E.D.Pa.1987), cited by the bankruptcy court, which held the Pennsylvania confession of judgment procedures unconstitutional, put the validity of Manley’s interest in issue as “quite apart from the merits of
 
 Souders"
 
 “to date [it] has not been overruled.” In addition, the district court concluded that “the bankruptcy court did not abuse its discretion in finding that the balance of hardships did not tip essentially in [Manley’s] favor.” This appeal followed.
 

 II. DISCUSSION
 

 The district court used the wrong standard of review. The order of the bankruptcy court recites that the motion for the directed verdict was granted because the court concluded that Manley’s security interest was of doubtful validity. Accordingly, Manley could not establish that FRG did not have an equity in the bank account and he was not entitled to relief from the stay.
 
 See
 
 11 U.S.C. § 362(d)(2)(A). Inasmuch as that was a legal conclusion, the bankruptcy court did not exercise its discretion in finding Manley’s security interest to be of doubtful validity. Furthermore, the bankruptcy court never made a finding that a balancing of the hardships indicated that Manley should be denied relief. Indeed, in view of the finding that the bankruptcy court did make, it had no reason to consider the balance of hardships. Therefore, the district court should not have used an abuse of discretion standard of review.
 
 [7]
 

 The bankruptcy court order cites two considerations for finding that the security interest was of doubtful validity— the opinion of the common pleas court when it opened the judgment and the opinion of the bankruptcy court itself in
 
 In re Souders,
 
 75 Bankr. 427. We will consider the legal sufficiency of these reasons, exercising direct plenary review.
 
 [8]
 

 
 *855
 
 A. The Common Pleas Court Opinion
 

 There are two possible bases for the determination by the bankruptcy court that the opinion of the common pleas court undermined the validity of Manley’s security interest and we reject both. First, the bankruptcy court may have been relying on the fact that the judgment was opened, without regard for the reasoning underlying the opinion. If so it erred, for under Pennsylvania law an attachment or execution process issued on a judgment remains valid even if the judgment is opened. Thus, while striking a judgment annuls the lien, opening a judgment does not. Pa.R. Civ.P. 2959(f).
 
 See Rochester Machine Corp. v. Mulach Steel Corp.,
 
 287 Pa.Super. 270, 281-85, 430 A.2d 280, 286-87 (1981) (“Thus, the judgment does remain effective even after it has been opened unless it is struck by order of court.”),
 
 rev’d on other grounds,
 
 498 Pa. 545, 449 A.2d 1366 (1982). Accordingly, Manley’s security interest was not invalidated by the opening of the judgment.
 

 Second, the bankruptcy court may have considered the substantive reasoning of the common pleas court in opening the judgment,
 
 i.e.,
 
 that the note did not include an explicit acceleration clause. In its opinion, the common pleas court found that the note permitted confession of judgment only for accrued unpaid payments, not the remaining debt in full, noting that Pennsylvania strictly construes confession of judgment clauses in favor of the debtor in cases of ambiguity.
 
 See Parliament Industries, Inc. v. William H. Vaughan & Co.,
 
 501 Pa. 1, 11, 459 A.2d 720, 726 (1983);
 
 Housing Mortgage Corp. v. Tower Development & Investment Corp.,
 
 402 Pa. 388, 389, 167 A.2d 146, 147 (1961).
 

 It seems to us, however, that notwithstanding the opinion of the common pleas court, the bankruptcy court was not justified in holding the security interest to be of doubtful validity because the order of the common pleas court left the attachment of the funds unimpaired. If the bankruptcy court relied on the substantive reason for the opinion of the common pleas court, it incorrectly considered only a portion of Pennsylvania law because it disregarded the law concerning enforcement of opened judgments.
 

 We also point out that it is questionable whether the note was ambiguous. We observe that although the note made continuous reference to “payments,” unmistakably meaning the six installments, it ultimately provided that in the case of an uncured default, judgment may be confessed “in favor of Manley, holder of this note, with or without the filing of an Averment or Declaration of Default for the unpaid
 
 balance
 
 thereon, together with costs and attorney’s fees.” [Emphasis added.] As a matter of language syntax, the term “unpaid balance thereon” appears to relate back to the phrase “holder of the note” so that the parties contemplated that the confession clause applied to the remaining debt, not just the overdue payment or payments. If so, it is difficult to understand why the drafters of the note would have included a statement that upon an uncured default the obligation to satisfy the debt would be accelerated. We, however, do not undertake to make a definitive determination of the meaning of the note, as the consequence of our decision will simply be that the proceedings in the bankruptcy court on Manley’s application will resume. If Manley obtains relief from the automatic stay, then the definitive meaning of the note can be determined in the proceedings which follow.
 

 B. In Re Souders
 

 The second basis for the bankruptcy court’s order denying relief from the stay was its prior decision in
 
 In re Souders,
 
 75 B.R. 427, in which it found the Pennsylvania confession of judgment procedures facially unconstitutional.
 
 [9]
 
 This reliance on
 
 Souders
 
 was misplaced.
 

 
 *856
 
 In
 
 Souders,
 
 the debtor, who had a limited education, while not represented by an attorney executed a demand note which included a provision for confession of judgment. She testified that she did not understand the wording or significance of the note and was led to believe she would face criminal prosecution if she failed to cooperate with the demands of the obligee as her debt arose from her embezzlements.
 
 Id.
 
 at 429-30. Analyzing the Supreme Court decisions in
 
 Swarb v. Lennox,
 
 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972), and
 
 D.H. Overmyer Co. v. Frick Co.,
 
 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972), the bankruptcy court determined that the debt- or did not knowingly and intelligently execute the confession of judgment clause and thus she could not be said to have waived her due process rights to notice and an opportunity for a hearing before judgment was entered by signing the note. 75 B.R. at 436-37.
 

 However, rather than limiting its holding to the facts before it, the bankruptcy court held that the judgment could not be enforced because the Pennsylvania procedures authorizing confession of judgments were facially unconstitutional, a conclusion it based on the absence of statutory provision for a judicial determination of whether a debtor has waived due process rights in executing the confession of judgment provision.
 
 Id.
 
 The bankruptcy court reasoned that the Supreme Court holding in
 
 Swarb
 
 that a confession of judgment clause is
 
 per se
 
 unconstitutional as to a certain class of individuals did not conversely mean that a confession of judgment is constitutional for everyone else.
 
 Id.
 
 at 435.
 

 We reject this interpretation by the bankruptcy court and overrule
 
 Souders
 
 to the extent that it held the Pennsylvania confession of judgment procedures facially unconstitutional. In
 
 Swarb,
 
 the Supreme Court affirmed a district court order holding the Pennsylvania confession of judgment procedures unconstitutional when applied in cases involving individuals with conjugal incomes of less than $10,000 annually. 405 U.S. at 200, 92 S.Ct. at 772.
 
 [10]
 
 The Court, however, did not declare the procedures
 
 per se
 
 unconstitutional. Rather, it recognized that in some circumstances a knowing debtor could be held to have effectively and legally waived due process rights with respect to notice in litigation which it would otherwise possess absent a confession of judgment clause.
 
 Id.
 
 at 200, 92 S.Ct. at 772.
 
 See also Erie Telecommunications, Inc. v. City of Erie,
 
 853 F.2d 1084, 1094-96 (3d Cir.1988).
 

 The Supreme Court in
 
 Swarb
 
 recognized that holding the Pennsylvania confession of judgment statute
 
 per se
 
 unconstitutional would be inconsistent with its decision in
 
 Overmyer.
 
 In
 
 Overmyer,
 
 the Court upheld the use of a confession clause against a corporate debtor and thus in
 
 Swarb
 
 the court acknowledged that its holding meant that the confession clause was not
 
 per se
 
 unconstitutional. Furthermore, in
 
 Over-myer,
 
 the Court recognized a confession of judgment as a proper tool in the commercial context and acknowledged its constitutionality in eases involving intelligent and voluntary waivers of constitutional rights. 405 U.S. at 187-88, 92 S.Ct. at 783. In
 
 Overmyer,
 
 the debtor was a substantial corporation with principals fully aware of the impact of the confession of judgment clause.
 
 Id.
 
 at 186, 92 S.Ct. at 782-83.
 

 Accordingly, the bankruptcy court erred when it relied on
 
 Souders
 
 to find Manley’s security interest of doubtful validity.
 
 [11]
 
 While the debtor in
 
 Souders
 
 may have been entitled to relief,
 
 Souders's
 
 
 *857
 
 broad and gratuitous holding that the Pennsylvania confession of judgment procedures are facially unconstitutional was simply wrong.
 
 [12]
 
 This case is much more like
 
 Overmyer
 
 than
 
 Souders,
 
 as the debtors here seem to be business entities with sophisticated principals, knowledgeable in business matters. Furthermore, the confession of judgment clause here was negotiated and specifically agreed upon in a commercial context in settlement of major litigation between parties represented by counsel. In sum, therefore, the bankruptcy court erred when it concluded at the end of Manley’s case that his security interest was of such sufficient doubtful validity that he could not be granted relief from the automatic stay.
 

 III. CONCLUSION
 

 Our analysis requires that the bankruptcy court complete the hearing on Manley’s motion for relief and then determine whether he has satisfied the requirements for relief under section 362(d). The judgment of the district court will be reversed and the case remanded to the district court with directions that it enter an order reversing the judgment of the bankruptcy court and remanding the matter to the bankruptcy court for completion of the hearing on Manley’s application.
 

 [1]
 

 . We are satisfied that the order granting the directed verdict effectively permanently bars Manley from obtaining relief from the automatic stay and thus was final.
 
 See In re West,
 
 852 F.2d 79, 81-82 (3d Cir.1988). Accordingly, we have jurisdiction.
 

 [2]
 

 .” FRG is the general partner in FRP. In their brief the debtors indicate that Manley was an employee of FRG. For purposes of this appeal, it does not matter whether Manley was employed by both debtors or only FRG.
 

 [3]
 

 . The payments were to be made as follows:
 

 $10,000 — due upon signing the note
 

 $10,000 — due 30 days from signing of the note
 

 $15,000 — due 60 days from signing of the note
 

 $20,000 — due and payable by June 1, 1989
 

 $20,000 — due and payable by June 1, 1990
 

 $25,000 — due and payable by June 1, 1991
 

 [4]
 

 . In fact, a hold was placed on the account for $81,000, which apparently included an enhancement for interest. While there may be a dispute as to whether Manley is entitled to interest, that
 
 *853
 
 issue is not before us. The debtors assert that the judgment was confessed on the settlement agreement, which did not include a confession of judgment clause, rather than on the note itself. The record is not sufficient to substantiate this assertion, but in any event we do not regard the contention as undermining our result, as the common pleas court did not suggest that a judgment could not be entered by confession, and in its opinion indicated that the judgment had been entered on the note. Rather, that court indicated that it was Manley's right to accelerate that was in doubt. We also observe that the note was erroneous in one respect in that it provides that the final payment was to be $20,000 rather than $25,000, the correct amount as set forth in the settlement agreement. However, the common pleas court did not rely on this discrepancy when it opened the judgment and thus we will not further refer to it.
 

 [5]
 

 . The record from the Superior Court is not before us, but representations were made at the hearing on Manley's application in the bankruptcy court that in view of the automatic stay the appeals were dismissed without prejudice and this point is not in dispute. At oral argument we questioned the jurisdiction of the Superior Court, as the order of the common pleas court seemed to be interlocutory. By a supplemental submission, we were referred to Pa.R. App.P. 311, which deals with interlocutory appeals. This rule was significantly amended in 1989. Obviously, the Superior Court will determine its own jurisdiction if this matter is returned to it and our decision is not in any way predicated on a determination by us of whether that court has jurisdiction.
 

 [6]
 

 . The Bankruptcy Code provides for the automatic stay in section 362. The grounds for a creditor to obtain relief from the automatic stay are set forth in § 362(d) as follows:
 

 (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
 

 (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
 

 (2) with respect to a stay of an act against such property under subsection (a) of this section, if—
 

 (A) the debtor does not have an equity in such property; and
 

 
 *854
 
 (B) such property is not necessary to an effective reorganization.
 

 [7]
 

 . Indeed, in the colloquy after the debtors moved for a directed verdict, the bankruptcy court emphasized that in its view Manley’s security interest was “too fragile” and "too tenuous.”
 

 [8]
 

 . We, of course, exercise plenary review over the order of the district court.
 
 See Universal Minerals, Inc. v. C.A. Hughes & Co.,
 
 669 F.2d 98, 101-102 (3d Cir.1981). We also exercise plenary review over the bankruptcy court's order, since we conclude that it erred as a matter of law in relying on the common pleas court opinion and on its own opinion in
 
 Souders.
 
 The parties in their briefs have cited Bank.R. 8013, which provides for a "clearly erroneous” standard of review but it is not applicable as we are resolving the case as a matter of law and, in any event, that standard would not be applied on review of a directed verdict.
 
 See Link v. Mer
 
 
 *855
 

 cedes-Benz of North America,
 
 788 F.2d 918, 921 (3d Cir.1986).
 

 [9]
 

 . In
 
 Swarb v. Lennox,
 
 405 U.S. 191, 193-95, 92 S.Ct. 767, 769-70, 31 L.Ed.2d 138 (1972), the Supreme Court explained that while there are various statutes and court rules affecting confessions of judgment in Pennsylvania the procedure exists " 'independent of statute.’ ”
 

 [10]
 

 . In
 
 Swarb
 
 only the plaintiffs appealed, as they contended that the district court opinion did not go far enough in protecting debtors. Thus, to the extent that
 
 Swarb
 
 affirmed the finding of the district court that the procedures were unconstitutional, its authority is limited.
 

 [11]
 

 . We obviously do not join in the opinion of the district court that it was reasonable for the bankruptcy court to rely on
 
 Souders
 
 regardless of its merits, as it has not been expressly overruled. In fact, the district court should have considered whether
 
 Souders
 
 had been correctly
 
 *857
 
 decided, for even in an abuse of discretion review, an appellate court will exercise plenary review over the legal determinations upon which the exercise of discretion is based.
 
 See John F. Harkins Co. v. Waldinger Corp.,
 
 796 F.2d 657, 658 (3d Cir.1986).
 

 [12]
 

 . We note that the Pennsylvania courts do not follow
 
 Souders,
 
 as they uphold the constitutionality of confession of judgment "provisions where there has been a voluntary, knowing and intelligent waiver of the party's due process rights."
 
 Federman v. Pozsonyi,
 
 365 Pa.Super. 324, 329, 529 A.2d 530, 533 (1987). Clearly there was such a waiver here and thus regardless of the views of the bankruptcy court, the confession of judgment clause was not of doubtful validity in the court system in which it was being enforced. Indeed, the common pleas court did not suggest that the clause was unconstitutional.