J-A20024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PITTSBURGH PROPERTIES, LTC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CYNTHIA A. CASTEEL, ANTHONY J. PARAVATI AND CMG, LLC D/B/A CASTEEL MANAGEMENT GROUP | |
| Appellant | No. 1597 WDA 2015 |

Appeal from the Order Entered September 18, 2015
In the Court of Common Pleas of Allegheny County
Civil Division at No: GD-14-012850

BEFORE:  BOWES, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                **FILED DECEMBER 9, 2016**

Appellants, Anthony J. Paravati, Cynthia Casteel, and CMG, LLC D/B/A Casteel Management Group, appeal from the September 18, 2015 order denying his petition to open a confessed judgment against him.  We affirm.

Appellant CMG and Appellee, Pittsburgh Properties, LTC, entered a commercial lease agreement on December 19, 2011 (the "Lease") and a lease amendment and renewal agreement dated March 28, 2012 (the "Lease Amendment and Renewal")[1] whereby Appellants leased office space from Appellee.  Appellant Casteel was the owner and operator of Appellant CMG, a

---

[1]  The Lease Amendment and Renewal provided that Appellant CMG would lease an expanded space to be renovated by Appellee.

creative talent management company. N.T. Casteel Deposition, 3/27/15, at 8. On December 19, 2011, Appellants Casteel and Paravati, Casteel's boyfriend, executed unconditional personal guarantees (the "Guarantees") of CMG's obligations under the lease. The Lease, the Lease Amendment and Renewal, and the Guarantees contain warrants of attorney authorizing entry of judgment against Appellants in the event a default.

Unable to generate sufficient revenue, CMG ceased operations and vacated the leased premises in October or November of 2013. N.T. Casteel Deposition, 3/27/15, at 15. On July 11, 2014, Appellee filed a complaint in confession of judgment for $53,894.50 against Appellants. Appellee served notice of judgment and execution, per Pa.R.C.P. No. 2958.1, on Appellants Casteel and CMG, LLC on August 4, 2014. Appellee served a Rule 2958.1 notice on Appellant Paravati on November 19, 2014. Appellants filed a petition to open or strike the judgment, pursuant to Pa.R.C.P. No. 2959 on December 15, 2014. On January 2, 2015, the trial court denied the petition to strike the judgment but issued a rule to show cause why the judgment should not be opened. Appellee answered the petition to open on January 22, 2015. Appellants Paravati and Casteel gave deposition testimony and both parties filed briefs. On September 18, 2015, the trial court entered the order on appeal. This timely appeal followed.

Appellants raise five assertions of error:

> I.  Whether the court erred in determining that Appellants did not raise a meritorious defense to the amount of

finance fees included as part of the confessed judgment when unauthorized finance fees were charges imposed upon CMG and such finance fees were assessed at higher [sic] rate than what was authorized under the [Lease and Lease Amendment and Renewal].

II.    Whether the court erred in determining that Appellants did not raise a meritorious defense to the amount included as part of the confessed judgment for 'tenant improvements' when such improvements were the responsibility of Appellee under the [Lease and Lease Amendment and Renewal] and were assessed after CMG had vacated the leased premises.

III.    Whether the court erred in determining that the confession of judgment clause contained in the Unconditional and Continuing Guarantee (hereinafter "the Guarantee") was valid when it is not conspicuous, is buried within the body of the document, and not clearly labeled or identified as authorizing judgment by confession.

IV.    Whether the court erred in determining that the individual Appellant, Paravati, did not raise a meritorious defense to the confession of judgment when the Warrant of Attorney set forth in the [Lease and Lease Amendment and Renewal] only authorized the entry of a confessed judgment against the Lessee, CMG, LLC, and not the individual Appellants.

V.    Whether the court erred in determining that Appellants did not raise a meritorious defense to the amount of unpaid rent included as a part of the confessed judgment when the Appellee committed multiple breaches of the Lease?

Appellant's Brief at 4-5.[2]

_____

[2]  We have reordered the third and fourth arguments to correspond to the order in which Appellants present them in the argument section of their brief.

We review the trial court's order for abuse of discretion. ***Neducsin v. Caplan***, 121 A.3d 498, 506 (Pa. Super. 2015), *appeal denied*, 1131 A.3d 492 (Pa. 2016).

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason.

***Id.*** A petition to open a confessed judgment will succeed where the petitioner (1) acts promptly; (2) alleges a meritorious defense; and (3) produces sufficient evidence to require submission of the matter to a jury. ***Id.*** "A petition to open a confessed judgment is an appeal to the equitable powers of the court." ***Id.*** at 504.

> A meritorious defense is one upon which relief could be afforded if proven at trial. Pa.R.Civ.P. 2959(e) sets forth the standard by which a court determines whether a moving party has properly averred a meritorious defense. If evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment. Furthermore, the court must view the evidence presented in the light most favorable to the moving party, while rejecting contrary evidence of the non-moving party. The petitioner need not produce evidence proving that if the judgment is opened, the petitioner will prevail. Moreover, we must accept as true the petitioner's evidence and all reasonable and proper inferences flowing therefrom.

> In other words, a judgment of confession will be opened if a petitioner seeking relief therefrom produces evidence which in a jury trial would require issues to be submitted to a jury. The standard of sufficiency here is similar to the standard for a directed verdict, in that we must view the facts most favorably to the moving party, we must accept as true all the evidence and proper inferences in support of the defense raised, and we must reject all adverse allegations.

- 4 -

*Id.* at 506-07 (internal citations and quotation marks omitted).

As noted above, Appellants Casteel and CMG filed their petitions to open more than four months after Appellee served them with notice of execution under rule 2958.1., and five months after Appellee filed and served the complaint. The trial court found that Appellants Casteel and CMG failed to act promptly, and Appellants have not challenged that finding. In addition, the procedural rules required Appellants to file any petition to open or strike within 30 days of the Rule 2958.1 notice of execution. Pa.R.C.P. Nos. 2956.1(c)(2) and 2959(a)(3). Appellants Casteel and CMG failed to meet that deadline. We therefore affirm the trial court's order as to Appellants Casteel and CMG and confine our analysis to Appellant Paravati's petition to open.

Appellant Paravati's first substantive argument is that Appellee confessed judgment for greater finance charges than are authorized in the Lease. General principles of contract construction govern our analysis of the Lease:

> Whether a judge has correctly interpreted a writing and properly determined the legal duties which arise therefrom is a question of law for the appellate court. The legal effect or enforceability of a contract provision presents a question of law accorded full appellate review and is not limited to an abuse of discretion standard. A cornerstone principle of contract interpretation provides that where the words of the document are clear and unambiguous, we must 'give effect' to the language.

*Midwest Fin. Acceptance Corp. v. Lopez*, 78 A.3d 614, 624 (Pa. Super. 2013) (internal citations and quotation marks omitted).

The Lease authorized 1.5% finance charges on "all unpaid non-rent invoices." Lease, at ¶ 5. The Lease also authorizes Appellee to charge Appellant $25.00 per day for late payment of rent and $25.00 per day in the event of insufficient funds to cover the automatically billed amount of rent. Lease, at ¶ 4. Paravati asserts that Appellee's confession of judgment included finance charges of more than 8% on various outstanding balances. Paravati references Exhibit E to Appellee's complaint in confession of judgment, which is a chart containing five columns: "Date," "Charge Code," "Charge Description," "Amount," and "Balance Due." Complaint in Confession of Judgment, at Exhibit E. An item dated December 10, 2012, with the charge code "LAT", a charge description of "finance fee," an amount of $184.05, and a balance of $2,229.05. Complaint in Confession of Judgment, Exhibit E. Appellant asserts, without citation to any other evidence, that the $2,229.05 balance includes past due rent. Paravati asserts that a finance charge of $184.05 against a balance of $2,229.05 represents a finance charge of 8.2569%—significantly more than the amount provided for in the Lease. Other items in Exhibit E follow a similar pattern. Appellant produced no evidence about whether balances due in Exhibit E are comprised of rent invoices or non-rent invoices. Appellant also produced no evidence to establish whether the finance fees are comprised of finance

charges on non-rent invoices, as per paragraph five of the Lease, or late charges, as per paragraph four of the Lease.

Appellee responds that the Lease, in paragraphs four and five, clearly allows finance fees, and that Appellants never objected to the finance fees at the time they were charged. Appellee also asserts that Paravati's argument on appeal is different from the argument he offered to the trial court. In the petition to open and in the briefs to the trial court, Appellants argued that Appellee was not entitled to assess finance charges. The trial court, citing paragraphs four and five of the lease, rejected that argument:

> With respect to finance charges, [Appellants] **allege there is no provision in the Lease requiring CMG to pay finance fees and, thus, the finance fees included in the Confessed Judgment are unauthorized.** However, sections 4 and 5 of the Lease clearly authorize [Appellee] to charge late fees and monthly finance charges for unpaid non-rent invoices. By executing and guaranteeing the Lease, [Appellants] agreed to these charges. Based on the clear, unambiguous language of the Lease, there is no question of fact as to whether CMG was required to pay finance fees under the Lease and [Appellants] have failed to raise a meritorious defense in this regard.

Trial Court Opinion, 1/6/16, at 5-6 (emphasis added). On Appeal, Paravati now challenges the **amount** of finance fees, an argument Appellants never raised in the trial court.[3] Paravati's argument fails for this reason alone, as he cannot raise an issue for the first time on appeal. Pa.R.A.P. 302(a).

---

[3] We are cognizant that courts can modify a confessed judgment where the plaintiff confesses judgment for an allowable item, but an excessive amount. *Housing Mortg. Corp. v. Tower Dev. and Inv. Corp.*, 167 A.2d 146, 147
*(Footnote Continued Next Page)*

Were we to address the merits, Paravati still would not obtain relief. As explained above, Paravati must produce evidence sufficient to create a jury question. Given the record before us, proper interpretation of Exhibit E is a matter of mere speculation rather than reasonable inference. Paravati has produced no evidence to establish that some or all of the balances due in Exhibit E arose from non-rent invoices. If portions of the balances due pertain to rent invoices, it is possible that portions of the finance charges include the $25 per day late fees authorized by paragraph four of the Lease. Even if Paravati had preserved this issue for appeal, we could not conclude that he has produced sufficient evidence to require submission of this issue to a jury.

Next, Paravati argues that Appellee was not authorized to confess judgment for tenant improvements because Appellee was responsible for the cost of improvements under the Lease Amendment and Renewal and because Appellant CMG vacated the premises before Appellee incurred the costs. This argument suffers from the same fatal flaw as the previous one: Appellants produced no evidence to support it. The trial court observed:

> [Appellants] challenge the confessed judgment because it includes charges for certain […] alterations to the leased premises. [Appellants] alleged the Lease requires [Appellee] (and not [Appellants]) to make these improvements and alterations to the leased premises. While [Appellee] did agree to

*(Footnote Continued)* _____

(Pa. 1961). As Paravati has failed to carry his burden of production, we need not decide whether modification is appropriate in this case.

- 8 -

perform certain work when the Lease [Amendment and Renewal] was executed, [Appellants] have failed to show that the charges in the confessed judgment relate to the work [Appellee] agreed to perform in the Lease. Once again, [Appellants] had sufficient time to depose representatives of [Appellee] on this issue, but failed to do so. As such, [Appellants] have failed to present evidence or support for their claim that the charges for alterations are unauthorized.

Trial Court Opinion, 1/6/16, at 5.

In addition to Appellants' failure to produce evidence that Appellee assessed unauthorized charges for alterations to the leased premises, Appellants' brief fails to explain which charge or charges in the confession of judgment were unauthorized. Appellants' argument on this point spans just over one page and fails to provide any supporting citations to the record. Appellants' Brief at 17-18. This failure results in waiver. Pa.R.A.P. 2119(c); *J.J. DeLuca Co., Inc. v. Toll Naval Assoc.*, 56 A.3d 402, 411 (Pa. Super. 2012).

Next, Paravati argues that the confession of judgment clause contained in the Guarantee was not sufficiently conspicuous. He argues that the lack of conspicuity creates a meritorious defense. This argument fails for at least two reasons. First, it asserts a defect apparent from the face of the record. If correct, this argument would be a basis for striking, rather than opening, the confessed judgment. "A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record." *Naducsin*, 121 A.3d at

504. "In contrast, if the truth of the factual averments contained in [the complaint in confession of judgment and attached exhibits] are disputed, then the remedy is by proceeding to open the judgment, not to strike it." *Id.* (quotation marks and citations omitted; brackets in original).

The conspicuity, or lack thereof, of the confession of judgment clause does not depend upon the truth of the factual averments in the complaint. Rather, it is apparent from the complaint and attached exhibits. Paravati cannot obtain relief on this issue because Appellants failed to challenge the trial court's order denying their petition to strike.

Second, the argument lacks merit. We have held that "[a] warrant of attorney to confess judgment must be self-sustaining and to be self-sustaining the warrant must be in writing and signed by the person to be bound by it." *Naducsin*, 121 A.3d at 505 (quoting *Midwest Fin. Acceptance Corp. v. Lopez*, 78 A.3d 614, 622-23 (Pa. Super. 2013)). "The requisite signature must bear a direct relation to the warrant of attorney and may not be implied." *Id.* "There should be no doubt that the lessee signed the warrant and that he was conscious of the fact that he was conferring a warrant upon the lessor to confess judgment in the event of breach." *Ferrick v. Bianchini*, 69 A.3d 642, 651 (Pa. Super. 2013).

> A general reference in the body of an executed lease to terms and conditions to be found is insufficient to bind the lessee to a warrant of attorney **not contained in the body of the lease** unless the lessee signs the warrant where it does appear. In short, a warrant of attorney to confess judgment is not to be

> foisted upon anyone by implication or by general and nonspecific reference.

***Graystone Bank v. Grove Estates, LP.***, 58 A.3d 1277, 1282–83 (Pa. Super. 2012) (quoting ***Frantz Tractor Co. v. Wyoming Valley Nursery***, 120 A.3d 303, 305 (Pa. 1956) (emphasis added in ***Graystone***)), *aff'd sub nom.*, 81 A.3d 880 (Pa. 2013). The ***Graystone*** Court found the warrant of attorney valid because it appeared "conspicuously in all caps" at the bottom of a page and the signature line appeared at the top of the next page. ***Id.*** The ***Graystone*** Court therefore distinguished the facts before it from cases in which the warrant of attorney was "located either altogether outside the body of the agreement, too remote from the signature, or on pages subsequent to the signature." ***Id.***

In other cases, we have denied relief to the defendant where the confession of judgment clause was printed in the same font size as the remainder of the document. ***Germantown Sav. Bank v. Talacki***, 657 A.2d 1285, 1289 (Pa. Super. 1995).

> The warrant of attorney in this case appeared as a separately numbered paragraph within the body of the Guaranty; it was paragraph six out of 18, on page three of nine pages. It was printed in the same size type as the rest of the text. It was not a finely printed clause on the unsigned reverse side of the document. It is clear that a party's signature to a contract is designed to evidence his or her intention to be bound thereby. Where, as here, the debtor has not alleged fraud, and has produced no evidence to show a lack of capacity to understand the document signed, or that he or she had asked for an explanation of the contract language, the debtor must be held to the contract's terms.

*Id.* at 1289-90 (citations omitted). "It is well established that, in the absence of fraud, the failure to read a contract before signing it is an unavailing excuse or defense and cannot justify an avoidance, modification or nullification of the contract; it is considered 'supine negligence.'" *Id.* at 1289 (quotation marks omitted).

Instantly, we observe that Paravati's initials appear on the page of the Guarantee containing the confession of judgment clause. Complaint in Confession of Judgment, at Exhibit C. At the very top of the next page, Paravati signed his name under a paragraph that is printed in larger font than the rest of the document, bolded, and italicized. *Id.* That paragraph provides: "***WARNING – BY SIGNING THIS PAPER YOU GIVE UP YOUR RIGHT TO NOTICE AND COURT TRIAL. IF YOU DO NOT PAY ON TIME A COURT JUDGMENT MAY BE TAKEN AGAINST YOU WITHOUT YOUR PRIOR KNOWLEDGE*** [….]." *Id.* We conclude that the confession of judgment clause in the Paravati Guarantee clearly complies with the requirements set forth in the foregoing case law.[4] Paravati's argument lacks merit.

Next, Appellants' brief asserts that the trial court should have opened the judgment because the Lease and Lease Amendment and Renewal

---

[4] We believe Appellants' reliance on the definition of conspicuity set forth in the Uniform Commercial Code at 13 Pa.C.S.A. § 1201(b)(10) is misplaced, as the UCC governs contracts for the sale of goods.

authorize entry of judgment against CMG but not Casteel or Paravati. As we have just explained, Paravati signed a Guarantee with a valid confession of judgment clause. Appellee was entitled to confess judgment against Paravati based on the Guarantee.

Finally, Appellants' brief argues that the trial court should have opened the judgment because Appellee's alleged breaches of the Lease excused Appellants' default. Appellants argue that Appellee failed to make needed repairs to the ceiling, and of the heating and electrical systems of the leased premises. Paragraph 18 of the Lease provides that CMG was not "entitled to any reduction of rent or to damages by reason of Lessor's failure to furnish [electricity and heat] when such failure is caused by […] **repairs** […] or by any other cause beyond the reasonable control of Lessor." Lease, at ¶ 18 (emphasis added). Likewise, Appellee was obligated to provide heat, electricity, and other utilities only so long as Appellants were not in default under the Lease.

The trial court found as follows:

> In her deposition, Casteel testified that issues related to heat and electric were the result of renovations and repairs to expand the leased premises at the request of CMG. Under the terms of the Lease, CMG is not entitled to an abatement of rent because the heat and electric issues were the result of such renovations and repairs. Moreover, Casteel has not explained how the heat and/or electrical failures were the Landlord's fault or responsibility so as to justify an abatement of rent. [Appellants] had sufficient time to depose representatives of [Appellee] on this issue, but failed to do so.

- 13 -

Trial Court Opinion, 1/6/16, at 4-5. The record supports the trial court's findings. N.T. Casteel Deposition, 3/27/15, at 11-14. Thus, we agree with the trial court's conclusion that Appellants failed to produce sufficient evidence to create a jury question on this issue.

In summary, we have reviewed all of Appellants' assertions of error and found them lacking in merit or not preserved for appellate review. We therefore affirm the trial court's order.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/9/2016