## Meyers & Joly *v.* Freiling, Appellant.

*Judgments—Rule to strike off—Warrant of attorney—Amount due—Ascertainment—Act of February 24, 1806, 4 Sm. L. 270.*

Authority to the prothonotary to enter judgment on a bond or other instrument containing a warrant of attorney to confess judgment is derived from the Act of February 24, 1806, 4 Sm. L. 270. The statute expressly declares that judgment may only be entered "for the amount, which, from the face of the instrument, may appear to be due." When the amount for which judgment is to be entered cannot be ascertained without resort to evidence outside the writing, the statute does not support the judgment.

Upon a rule to strike off judgment which was entered upon warrant of attorney to confess judgment "for any of the above sums with costs of suit" it appeared that the claim was for commissions upon the sale of certain real estate. The amount earned, and for which judgment was entered, was ascertained from certain affidavits filed by one of the plaintiffs. The rule should have been made absolute and the action of the court in discharging the rule was error.

Argued October 16, 1922. Appeal, No. 138, Oct. T., 1922, by defendant, from order of C. P. No. 5, Phila.

Co., Dec. T. 1921, No. 6079, discharging rule to strike off judgment in the case of Charles J. Meyers and C. Harold Meyers, trading as Meyers and Joly v. Johanna Freiling. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Reversed.

Rule to strike off judgment.

The facts are stated in the opinion of the Superior Court.

· The court discharged the rule.   Defendant appealed.

*Error ꞵassigned* was the order and judgment of the court discharging rule to strike off judgment.

*Lambert Ott, Jr.,* for appellant.—There was no authority for entering of judgment because the sum or amount due could by no possible calculation be made to appear from the face of the instrument: Connay v. Halsted, 73 Pa. 354; Zimmerman v. Challenger, 14 District Reports 548.

*C. Harold Meyers,* for appellees.—The Act of February 24, 1806, is to be interpreted liberally and judgment should be upheld where the amount can be ascertained by calculation, even though supplementary affidavit may be required: Dalton v. Willingmyre, 60 Pa. Superior Ct. 225; Wurlitzer Co. v. Pearson, 62 Pa. Superior Ct. 425.

OPINION BY HENDERSON, J., March 2, 1923:

This case comes up on an appeal from the refusal of the court to strike off a judgment entered by the prothonotary on an instrument containing a warrant of attorney to confess judgment.   The authority to enter judgment on such warrant is found in the Act of February 24, 1806, which makes it the duty of a prothonotary on the application of the holder of a bond or other instrument containing a warrant of attorney to confess judg-

ment, "to enter judgment against the person or persons, who executed the same for the amount, which, from the face of the instrument, may appear to be due." To give effect to such an entering of judgment, the statute must be strictly followed for it does not give general authority as in the case of an attorney-at-law to appear and confess judgment. The statute was evidently adopted to enable a creditor to obtain a judgment on an obligation for the payment of money without the expense of the intervention of an attorney. Obviously such judgment could only be entered for an amount appearing to be due by the terms of the obligation, and this is what the statute expressly declares. The judgment is to be entered for an amount which appears to be due on the face of the instrument. When this amount cannot be ascertained without a resort to evidence outside of the writing, the statute does not support the judgment. Where there is not a fixed and definite amount admitted to be due on the face of the instrument, the prothonotary has not authority to accept evidence on the subject and in the capacity of an arbitrator or referee ascertain facts not appearing in the instrument to which the warrant of attorney is attached. Justification for bringing a defendant into court and fixing his liability in the conclusive form of a judgment on a warrant of attorney must be found in the terms of the instrument containing the authority, and in the case of a prothonotary acting under the statute, is not to be extended beyond the definite power which the law confers. An inspection of the instrument supporting the judgment in this instance shows that it is not an obligation for the unconditional payment of a definite sum at any definite time. The claim is for a conditional payment arising on the sale of real estate and was contingent on the occurrence of the sale. The amount was contingent on the price to be obtained for the property with a proviso that it should never be less than $100, and if the property was withdrawn from sale by the defendant, a fee of $10 for serv-

ices was to be paid to the plaintiffs. The commission was to become payable to the plaintiffs "as soon as agreement is made to sell said place." The warrant of attorney is not given for the confession of a definite sum, but "for any of the above sums, with costs of suit." Evidently therefore no one could tell by an inspection of the instrument on the day when the judgment was entered what the rights of the plaintiffs and defendant were with respect to the contract. They could only be ascertained by an inquiry as to whether the conditions existed out of which a liability to pay would arise, and especially it could not be ascertained from inspection whether an agreement to sell had been made. This difficulty was recognized and an attempt was made to supply the lack of facts contained in the instrument by the filing of an affidavit made by one of the plaintiffs in which he alleged that while the agreement was still in force the defendant "sold said business and equipment for a price or sum, which according to deponent's information and belief was not less than the sum of $2,500, whereby there became due and owing to the plaintiffs as commission upon said sale under said agreement the sum of $250," etc. It was from this affidavit and not "from the face of the instrument" the prothonotary ascertained the amount for which he entered judgment, and with respect to the affidavit it will be noticed that the price for which the house was sold is not definitely known; the best the deponent could do was to say that according to his "information and belief" it was not less than $2,500. This would not have been evidence in an action between the parties to establish the price for which the property was sold, and if the affidavit could have been used by the prothonotary, was not a sufficient averment of fact to fix the amount of commission due under the agreement. The obligation is no more definite than that involved in Connay v. Halstead, 73 Pa. 354, which the court said was wholly insufficient to authorize the entering of a judgment by the prothonotary. The cases cited by the appel-

lees are not in point.  In all of them there was a fixed amount admitted to be due.  The obligation was not contingent on facts subsequently to be developed and variable according to such facts.  The appellant was entitled to the relief prayed for.

The judgment is therefore reversed and the record remitted to the court below with direction to reinstate the rule to strike off the judgment and make the same absolute.  Costs to be paid by the appellees.