## Marshall *v.* Jackson, Appellant.

Argued January 21, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*B. D. Oliensis,* with him *Samuel D. Conver,* for appellant.—As the warrant distinctly specified that the power to confess judgment is to be exercised "if said debt is not paid on the sale of the said real and personal property," and there is nothing of record to indicate that such a sale took place, the judgment confessed thereunder is untenable: Sokoloff v. Fidelity, etc., Co., 288 Pa. 211; Little v. Lipschutz, 87 Pa. Superior Ct. 102; Eddy v. Smiley, 26 Pa. Superior Ct. 318; Mahoney v. Collman, 293 Pa. 478; Patterson v. Pyle, 1 Monaghan 351; Kolf v. Lieberman, 282 Pa. 479; Saupp v. Streit, 258 Pa. 211.

*Aaron S. Swartz, Jr.,* with him *John M. Dettra* and *Samuel H. High,* for appellee.—The affidavit of default filed in this case is sufficient; such affidavit need not set forth in detail the time and manner of default: Kahn v. Harlan, 55 Pa. Superior Ct. 568.

No affidavit of default was necessary here, because a confession of judgment was filed by defendant's attorney, admitting the default and the amount due because of it: Kirch v. Crawford, 61 Pa. Superior Ct. 288.

OPINION BY MR. JUSTICE FRAZER, March 18, 1929:

Plaintiff was the holder of a judgment note for $25,-000 given by defendant, which was duly entered, execution issued on the judgment, and the real estate and personal property of the maker levied on. To procure a

release of the property from the lien of the judgment and levy, defendant entered into an "agreement of guaranty" which, after reciting the facts and the desire of the judgment debtor to dispose of the property, and procure its release from the lien of the judgment, which the judgment creditor was willing to grant "in the event of his debt being guaranteed" by a responsible person, and that defendant "agreed to guarantee the debt," further provided that, in consideration of the premises and of the execution of the release, defendant agreed "to guarantee the debt......to the extent of $10,000, and, in event of the failure of the said James M. Marshall to realize the full amount of the debt......as the result of the proceeds of the sale of the above mentioned...... property,......to pay unto the said James M. Marshall any unpaid balance which may be still due him to the extent and amount of $10,000, and if said debt is not paid upon the sale of said......property, do hereby authorize and empower any attorney of any court of record of Pennsylvania, or elsewhere, to appear for and enter judgment against me for whatever portion of said amount of $10,000 may still be due the said James M. Marshall, with or without declaration." The debt was not paid in full, and plaintiff filed the guarantee agreement of record, accompanied by an affidavit of default and confession of judgment signed by an attorney appearing for defendant pursuant to authority contained in the agreement, the affidavit averring that there "has been a default in said agreement and that the said James M. Marshall has not realized the full amount of the debt due......but that there is now due and owing to him the sum of $4,863.20 with interest" from a specified date, the confession further averring that the judgment "is entered upon a default of the said defendant to pay the balance due and owing,......said balance being the sum of $4,863.20,......as shown by affidavit filed herewith." Defendant entered a rule to strike off the judgment so entered on the ground, inter alia, that the judgment was

irregular and defective because "it nowhere appears that there was a breach of any of the conditions stipulated in petitioner's bond or that the contingency on which the authority to confess judgment was specifically predicated had, as a matter of fact, arisen."

The specific contention of defendant under this averment was, and is on this appeal, that the authority to confess judgment can be exercised only if the proceeds of the sale of real estate were insufficient to pay the debt and sets out no averment that a sale took place. The court below held the affidavit of default sufficient and discharged the rule to strike off the judgment.

The guarantee was given in consideration of the execution of the release. It is absolute in form, to the extent of $10,000. While the parties evidently contemplated the sale of the released property by the judgment debtor and the application of the proceeds to the debt, no agreement to this effect was made, nor was the guaranty in any way made conditional upon that being done. So far as the judgment creditor was concerned, he had released his rights in the property and had no further control over it or in its disposition, the bond of defendant having been accepted in lieu thereof. To say that plaintiff's rights on the bond were dependent upon a sale of the property would in effect permit the judgment debtor to postpone indefinitely the collection of the judgment by the simple expedient of refraining from selling the property. In such case, plaintiff's inability to proceed against the property is apparent because of the release and he could not proceed on the bond because the property remained unsold. The more reasonable construction of the guaranty is that the bond was intended as a substitute for the property released and as there was no extension of time of payment of the judgment, it became collectible immediately at the option of the judgment creditor. If for any reason the property was not sold, or if sold, the proceeds were not paid over in relief of defendant's bond, that was a mat-

ter between him and the judgment debtor. The affidavit avers a default in payment and a definite balance due, and is ample to sustain the judgment.

If defendant has a meritorious defense not appearing in the record before us, his remedy is by a motion to open the judgment.

The judgment is affirmed.