P. Minnig Co., Appellant, *v.* Carter.

Submitted April 9, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Russell M. Orcutt*, for appellant.

*Gunnison, Fish, Gifford and Chapin,* for appellee.

OPINION BY JAMES, J., July 13, 1934:

On January 1, 1924, defendant executed in favor of the plaintiff, a demand promissory note in the sum of $600 which contained a warrant of attorney to confess judgment, but with an added stipulation "not to be entered except in default of payment." On the

back of the note were various endorsements showing payments on interest and principal, the last payment being dated July 13, 1928. On February 23, 1932, the prothonotary of Erie County entered judgment on the note without an averment of demand or default in payment. Defendant's rule to strike off the judgment was made absolute, from which order plaintiff has appealed.

Without the added stipulation, the note would properly have been entered, for the entry of the judgment itself is a demand: First National Bank of Sayre v. Bartlett, 35 Pa. Superior Ct. 593. But the terms of the note contemplate something additional in that there must have been a default in payment as a condition *precedent to the entry of judgment*. The stipulation clearly contemplated that the plaintiff should make a demand and that default in payment must follow before judgment could be entered. The court below in its opinion clearly stated the situation in the following language: "The entry of the judgment can not be regarded both as a demand and also as an averment of default of payment after demand, for the default would then occur after the entry of the judgment and the note, according to its terms, authorizes entry of judgment after and not before such default. We are of the opinion, therefore, from a fair construction of the note, that a prior demand is essential and judgment may be entered thereafter only in the event of nonpayment and that both demand and nonpayment thereafter, must be averred to entitle plaintiffs to a valid judgment: Kolf v. Lieberman, 282 Pa. 479."

In the latter case it was held that where the authority to enter judgment is dependent upon some act or omission of the defendant, there must be an averment of such default or delinquency before a valid judgment can be entered. See also Advance-

Rumely Thresher Co. Inc. v. Frederick, 98 Pa. Superior Ct. 560, 562; Jordan v. Kirschner, 94 Pa. Superior Ct. 252.

Order affirmed.