Roche *v.* Rankin, Appellant.

Argued November 21, 1961. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and ALPERN, JJ.

*Marlyn F. Smith,* with him *James F. McMullan, Jr.,* and *Clark, Ladner, Fortenbaugh & Young,* and *High, Swartz, Roberts & Seidel,* for appellant.

*Herman Lang Sundheim,* for appellee.

OPINION BY MR. JUSTICE EAGEN, January 2, 1962:

This is an appeal from an order of the court below refusing to strike from the record or in the alternative to open a judgment entered by virtue of an agreement authorizing a confession of judgment.

On August 11, 1952, the appellant, William J. Rankin, and the appellee, Catherine M. Roche, entered into an unusual written agreement to compromise and adjust certain differences existing between them. By the terms of the agreement, Roche was to be paid the sum of $5000 without interest, upon the date of Rankin's death, or earlier during his lifetime if he so preferred. Rankin further agreed to place in trust certain life insurance policies as security for the payment of the $5000, which policies were to be kept in force, unencumbered and with trust beneficiary unchanged. If the provisions of the agreement, in respect to the insurance policies, were not fulfilled, the $5000 would forthwith become due and payable. If Roche predeceased Rankin, all rights in favor of Roche would immediately terminate. In the event of any default by Rankin in the terms of the agreement, he therein authorized any attorney to appear for him and confess judgment against him "for the amount due" under the agreement.

On June 20, 1960, Herman L. Sundheim, an attorney, entered an appearance on behalf of the plaintiff, Roche, filed the agreement and an averment of default with the prothonotary, alleging lapse of the life insurance policies covered by the agreement through failure to pay a premium due, and requested the prothonotary to enter judgment in favor of Roche and against Rankin, and to assess damages in the amount of $6195. This sum included interest from January 1, 1956. This, the prothonotary did, without any appearance entered on behalf of Rankin.

Motion To Strike Off

In *Noonan, Inc. v. Hoff*, 350 Pa. 295, 298, 299, 38 A. 2d 53 (1944), this Court said: "There are two methods by which a warrant of attorney to confess judgment may be utilized in order to accomplish its purpose. One is through the medium of the Act of 1806. In avoiding the necessity of having an attorney appear for the obligor in cases where the amount due appears on the face of the instrument the purpose of that act was to exempt the obligor from the payment of an attorney's fees: Helvete v. Rapp, 7 S. & R. 306. The second method is that of defendant himself, or an authorized attorney on his behalf, confessing the judgment; this practice was in use from the earliest times and long before the passage of the Act of 1806: Cooper v. Shaver, 101 Pa. 547, 549; see also Cook v. Gilbert, 8 S. & R. 567; M'Calmont, Administrator, v. Peters, 13 S. & R. 196." See also, *Kros v. Bacall Textile Corp.*, 386 Pa. 360, 126 A. 2d 421 (1956).

The plaintiff, Roche, selected the first method and proceeded under the Act of February 24, 1806, P.L. 334, 4 Sm. L. 270, §28, as amended, 12 P.S. §739 (Supp.). This statute makes it the duty of the prothonotary on the application of any person being the original holder (or assignee of such holder) of a note, bond or other instrument in writing, in which judgment is confessed, or containing a warrant of an attorney-at-law, or other person to confess judgment, to enter judgment against the person or persons, who executed the same for the amount, which from the face of the instrument, may appear to be due, without the agency of an attorney, or declaration filed. This act, it has been stated, was "evidently adopted to enable a creditor to obtain a judgment on an obligation for the payment of money without the expense of the intervention of an attorney": *Meyers & Joly v. Freiling*, 81 Pa. Superior Ct. 116, 118 (1923). Accord, *Lansdowne*

*B. & T. Co. v. Robinson,* 303 Pa. 58, 62, 154 Atl. 17 (1931) ; and *Noonan, Inc. v. Hoff,* supra.

It is the first contention of the appellant, Rankin, that in entering the judgment, plaintiff did not strictly comply with the warrant's authorization and that the prothonotary lacked the power under the Act of 1806, supra, to enter the judgment, because from an examination of the instrument itself, it could not be ascertained that a default had occurred, resulting in any money being due on the date the judgment was entered.

It has been held that the Act of 1806, supra, being in derogation of the common law must be strictly construed: *Solazo v. Boyle,* 365 Pa. 586, 76 A. 2d 179 (1950). Also, that a judgment by confession must be self-sustaining and cannot be entered where matters outside of the record need be considered to support it: *Stewart v. Lawson,* 181 Pa. 549, 37 Atl. 518 (1897). See also, *Orner v. Hurwitch,* 97 Pa. Superior Ct. 263 (1929) ; and *Meyers & Joly v. Freiling,* supra.

However, these cases do not support appellant's position. If matters outside of the instrument itself necessarily had to be considered in order to determine the amount of the money due, then of course, the prothonotary would lack the legal power to enter the judgment under the Act of 1806. But this is not this case. A reading of the instrument clearly indicates that upon default, the fixed amount of $5000 immediately became due and payable. In such an event, nothing extrinsic to the writing was necessary to ascertain the amount of the indebtedness due. But it is argued, in order to ascertain that a default occurred, you must accept the evidence of the affidavit of default. This, of course, is correct, but is no different than the countless situations where a demand is required on a note before it is due. The demand is necessarily proven by an affidavit of default. See, *P. Minnig Co. v. Carter,* 113 Pa. Superior Ct. 231, 173 Atl. 726 (1934). To rule as

appellant urges would be tantamount to saying that an averment of default is of no legal purpose which would be contrary to legal authorities dating back to the early days of the Commonwealth. See *P. Minnig Co. v. Carter*, supra; *Philadelphia Gas Heating Co. v. Sanders*, 181 Pa. Superior Ct. 510, 124 A. 2d 435 (1956); *Sterling E. & F. Co. v. Irey*, 189 Pa. Superior Ct. 450 (1959); *Kirch v. Crawford*, 61 Pa. Superior Ct. 288 (1915); *Kolf v. Lieberman*, 282 Pa. 479, 128 Atl. 122 (1925); *Marshall v. Jackson*, 296 Pa. 16, 145 Atl. 584 (1929) and *Commonwealth v. J. & A. Moeschlin, Inc.*, 314 Pa. 34, 170 Atl. 119 (1934).

The last mentioned case of *Commonwealth v. J. & A. Moeschlin, Inc.*, is akin to the present issue and is controlling on this point. Therein, judgment was entered by the prothonotary within the authority of the Act of 1806, on a bond accompanying an application for a Pennsylvania Alcohol Manufacturing Permit. The bond became forfeit, due and payable if the principal failed to comply with the terms of the permit, or the laws of the Commonwealth. In the event of the forfeiture of the bond, the obligors empowered an attorney "after default" to appear for them and confess judgment for the amount of the bond. With the application for judgment an affidavit was filed setting forth the facts upon which the forfeiture was predicated. This Court ruled the judgment to be valid and overruled the action of the lower court in striking it off. The Court further stated that the fact that the judgment was not entered by the appearance and confession of judgment by an attorney for and in behalf *of the defendant* did not affect its validity. To the same end see: *Kolf v. Lieberman*, supra; *Marshall v. Jackson*, supra.

Appellant next contends that the judgment should be stricken because it included a claim for interest not authorized in the warrant.

The agreement involved was executed on August 11, 1952. It provided, inter alia, that in the event of default by Rankin that the sum payable thereunder would immediately become due and further authorized, in such event, the entry of judgment by confession for the sum due. On December 7, 1955, Rankin first reneged on his obligations under the agreement by encumbering the insurance policies with a loan. Again, on February 1, 1956, he defaulted in payment of a premium due on one policy, resulting in the lapse thereof. In entering the judgment, Roche's attorney claimed interest from February 1, 1956.

Since the agreement did not provide for the payment or confession of the principal sum with .interest, the item of interest should not have been included in the judgment. A warrant of attorney to confess judgment must be strictly construed and conform strictly with its terms: *Grady v. Schiffer,* 384 Pa. 302, 121 A. 2d 71 (1956) ; and *Housing Mtge. Co. v. Tower Development and Investment Corp.,* 402 Pa. 388, 167 A. 2d 146 (1961). It may not be extended by implication or inference beyond the limits expressed in the instrument: *W. B. Rambo B. & L. Assn. v. Dragone,* 305 Pa. 24, 156 Atl. 311 (1931). However, if the judgment is entered for items clearly within the warrant, but for an excessive amount, the court, rather than strike, will modify the judgment and cause a proper judgment to be entered, unless (1) the judgment was entered for a grossly excessive amount and, hence, was an improper use of the authority given in the warrant; or, (2) the judgment entered shows on its face that unauthorized items were included: See, *Housing Mtge. Co. v. Tower Development and Investment Corp.,* supra; *Grady v. Schiffer,* supra; *Park-Main Co. v. Fayette Nat. Bk. & Tr. Co.,* 397 Pa. 75, 152 A. 2d 714 (1959).

In this case, the plaintiff's attorney undoubtedly acted in good faith, in claiming interest upon the prin-

cipal sum from a date subsequent to the admitted default. No case has been called to our attention, nor has our research disclosed one wherein we have held that, under the circumstances this case presents, an unauthorized claim for interest in a reasonable amount upon a sum clearly due and confessed under the warrant, vitiates the entire judgment. To the contrary, see *Better Bilt Door Co. v. Oates*, 165 Pa. Superior Ct. 465, 69 A. 2d 425 (1949) ; *Page v. Simpson*, 188 Pa. 393, 41 Atl. 638 (1898).

We, therefore, conclude that the lower court ruled properly in refusing to strike the entire judgment from the record but, on the other hand, should have directed the entry of a judgment in the proper amount.

## Petition To Open

The defendant, Rankin, admits that he did not comply with his obligations spelled out in the agreement. Nor could he truthfully do otherwise. The record clearly manifests that subsequent to the agreement and in violation thereof, he encumbered the insurance policies with a loan, and further that he permitted one policy to lapse for failure to pay the premium due thereon. But says he, Roche also failed to carry through her obligation under the contract, which required that she deliver to Rankin "as soon as practical" certain records, letters and correspondence. Roche testified in the form of depositions that she was willing and ready at all times to make delivery of these papers and, on more than one occasion, requested Rankin to fix a time for a meeting so that this could be accomplished. Rankin always avoided arranging such, by pleading that he was "too busy." During the taking of the depositions, the papers were proffered to Rankin, which he refused to accept. On November 9, 1960, they were delivered to Rankin's counsel.

The court below concluded that under the facts a "meritorious defense" was absent and refused to open the judgment. We certainly cannot say that this was an abuse of discretion.

Proceedings to open judgments are directed to the sound discretion of the court. They are essentially equitable in nature and are governed by equitable principles, *Morrisville Shopping Center v. Sun Ray Drug Co.*, 381 Pa. 576, 112 A. 2d 183 (1955). Such relief is of grace and not of right. On appeal, unless a clear abuse of discretion appears, we will not disturb the lower court's action: *Duquesne Light Co. v. Pittsburgh R. Co.*, 400 Pa. 565, 162 A. 2d 350 (1960); *Poelcher v. Poelcher*, 366 Pa. 3, 76 A. 2d 222 (1950).

The record is remanded with directions to the court below to enter an appropriate order sustaining the judgment in the amount of $5000 without interest.