## Bob Collins, Inc. v. S. M. Hexter Co.

*Lawrence T. Hoyle, Jr.*, for plaintiff.
*Henry A. Stein*, for defendant.

SPORKIN, *J.,* November 9, 1977—We are presented here with a motion of defendant, S. M. Hexter Company, to strike off or, in the alternative, to open a judgment entered by confession against it by plaintiff, Bob Collins, Inc. Upon consideration of the pleadings, the motion and answer, the briefs and the relevant precedents and Pennsylvania Rules of Civil Procedure, we believe that the judgment should be stricken off.[1]

The matter had its genesis, of course, in a complaint in confession of judgment for money instituted by plaintiff. The complaint is based upon a lease between the parties. It alleges that defendant was $1,900 in arrears in payment of rent, and states that confession of judgment is authorized "under the provisions of paragraph 15 of this Lease."

That paragraph does, indeed, provide for confession of judgment for "all rent and other charges *due*, or *treated as if due* hereunder or which may at

---

1. Having decided to grant the motion to strike off, we need not consider the motion to open the judgment.

any time *become due* under the terms of this lease, *or any continuation* thereof." (Emphasis supplied.) The complaint then prays for entry of judgment against defendant by confession in the amount of *$2,181.83*, plus costs.

It is a large discrepancy, however, between the amount prayed for in the complaint and the amount of the judgment actually entered by plaintiff against defendant, which forms the basis for this motion to strike off the judgment. Attached to the complaint is a confession of judgment for money in the total amount of *$8,665.59* plus costs. That figure, more than 400 percent of the total prayed for in the complaint, includes an amount of $6,175 accelerated rent due and owing under paragraph 15 of the lease.

Plaintiff first argues, in response to the motion, that the right to complain about the above discrepancy in the amount of the judgment was waived by defendant through "release of errors" language in paragraph 15 of the lease. Defendant correctly points out that in Curry v. Bacharach Quality Shops, Inc., 271 Pa. 364, 372, 117 Atl. 435 (1921), and in West Penn Sand & Gravel Co. v. Shippingport Sand Co., 367 Pa. 218, 222, 80 A. 2d 84 (1951), our Pennsylvania Supreme Court held that such language has the effect of waiving errors in the *procedure* of confessing judgment. Such a "release of errors" does *not*, however, cure the defect of lack of authority to confess the judgment, nor does it allow the substantive rights of defendant to be abridged.

Confession of judgment is one of the most drastic remedies at law: Cutler Corp. v. Latshaw, 374 Pa. 1, 4, 97 A. 2d 234 (1953). Judgments by confession are not favorites of the law in Pennsylvania; the

rules and the warrant of attorney by which judgment is confessed will, therefore, be given strict construction: Housing Mortgage Corp. v. Tower Development & Investment Corp., 402 Pa. 388, 167 A. 2d 146 (1961); Scott Factors, Inc. v. Hartley, 425 Pa. 290, 293, 228 A. 2d 887 (1967). We do not believe that a fourfold difference between the prayer of the complaint and the confession of judgment is a mere "error in the *procedure*" of entering the judgment. This is not a case of failing to attach an affidavit, such as in West Penn Sand & Gravel Co., supra. Here the problem goes to the very heart of the judgment itself.

Moreover, we do *not* believe that paragraph 15 of the lease authorizes acceleration of rent as claimed by plaintiff, particularly against the background of rules of construction concerning confession of judgment, discussed above. That paragraph nowhere specifically mentions any right to acceleration of rent. The relevant language, quoted heretofore, refers first to rent *due*. That concept embraces the $1,900 arrearages noted by plaintiff as the gravamen of its complaint.

Paragraph 15 does, of course, allow for confession of judgment for rent "treated as if due" or which may "become due." We believe that the former phrase, strictly construed, should not and cannot be tortured to rise to the level of a specific right to accelerate the rent. At best, it might allow for confession of judgment of advance rent as authorized by paragraph 9 of the lease, but that paragraph only allows for accelerated rentals in certain situations which it clearly defines. The present circumstances are not within those facts which trigger an acceleration of rent under paragraph 9.

Furthermore, the authority stated for the confession of judgment for accelerated rent is paragraph 15; no other paragraph of the lease is mentioned. The language allowing confession of judgment for such sums as "become due" simply means that the power to confess judgment is not exhausted by a single exercise thereof. Judgment may be confessed for future arrearages as they occur. Thus, as stated, we do not believe that the instrument authorizes this confession of judgment for accelerated rent; accordingly, the "release of errors" is no bar to this motion to strike off the judgment. Any other conclusion would likely be a violation of defendant's due process rights.

Plaintiff next contends that the cases allow for amendment of a confessed judgment to *correct* errors such as that herein. We are unable to subscribe to this argument. The proper statement of the general rule was set out by now Mr. Chief Justice Eagen, speaking for the Pennsylvania Supreme Court in Roche v. Rankin, 406 Pa. 92, 176 A. 2d 668 (1962):[2]

"[I]f the judgment is entered for items clearly within the warrant, but for an excessive amount, the court, rather than strike, will modify the judgment and cause a proper judgment to be entered, *unless* (1) the judgment was entered for a grossly excessive amount and, hence, was an improper use of the authority given in the warrant; or (2) the

---

2. In the interest of clarity, it may be pertinent to note that there is a typographical error in the numerical citation to the Atlantic Reporter concerning this case, in the brief of plaintiff at page 10.

judgment entered shows on its face that unauthorized items were included." 406 Pa. at 97, 176 A. 2d at 672. (Emphasis added.)

Although the two concepts were expressed in the disjunctive sense by the Roche court—and, hence, violation of *either* will cause the judgment to be stricken off—we believe that here judgment was confessed both in a grossly excessive amount (400 percent of the prayer of the complaint) *and* for items not authorized in these factual circumstances by the warrant of attorney (accelerated rent). We are, therefore, impelled to conclude that the judgment should not merely be modified, but should be stricken off. [See also, bench opinion of Hon. Edward R. Becker, Bob Collins, Inc. v. Herbert S. Goldstein, U.S.D.C., E.D. Pa., Civ. Action No. 76-3080, February 14, 1977, at pp. 2-5 (dicta).]

Accordingly, in light of the foregoing discussion, we enter the following

## ORDER

And now, November 9, 1977, upon consideration of the motion of defendant, S. M. Hexter Company, to strike off or open judgment entered by plaintiff, Bob Collins, Inc., and the response thereto, the briefs, the Pennsylvania Rules of Civil Procedure and the applicable case precedents, it is hereby ordered that the motion to strike be, and hereby is granted, and the judgment stricken off. The motion to open the judgment is denied as moot in light of this order striking off the judgment.