J-A15027-19

2019 PA Super 206

| DOMINIC'S INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| TONY'S FAMOUS TOMATO PIE BAR & | : | |
| RESTAURANT, INC. | : | |
| | : | |
| Appellant | : | No. 50 EDA 2019 |

Appeal from the Order Entered November 30, 2018
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 1546 October Term 2018

BEFORE: BENDER, P.J.E., GANTMAN, P.J.E., and COLINS*, J.

OPINION BY GANTMAN, P.J.E.: **FILED JULY 02, 2019**

Appellant, Tony's Famous Tomato Pie Bar & Restaurant, Inc., appeals

from the order entered in the Philadelphia County Court of Common Pleas,

which denied Appellant's petition to strike and/or open the confessed

judgment entered in favor of Appellee, Dominic's Inc. We affirm in part and

reverse in part.

The trial court sets forth the relevant facts and procedural history of this

appeal as follows.

<u>BACKGROUND</u>

> On February [29], 2016, [A]ppellant…executed a
> promissory note (["Note"]), in favor of [A]ppellee…. The
> Note arose out of an "AGREEMENT OF SALE," whereby
> [Appellee] sold to [Appellant] a tavern, its building, and
> equipment. The Note contained a warrant-of-attorney
> empowering [Appellee] to confess judgment upon the
> occurrence of a default committed by [Appellant]. On
> October 11, 2018, [Appellee] confessed judgment against

_____
\* Retired Senior Judge assigned to the Superior Court.

[Appellant] on the grounds that [Appellant] had failed to make two monthly payments as required under the Note. On November 6, 2018, [Appellant] filed its petition to strike or open the judgment. On November 30, 2018, this court entered an Order denying the petition to strike or open the judgment. The court included in its Order an expansive footnote explaining the grounds for its decision. On December 27, 2018, [Appellant] appealed to the Pennsylvania Superior Court and subsequently filed, on January 15, 2019, a [Rule] 1925(b) statement of errors complained of on appeal.

(Trial Court Opinion, filed January 31, 2019, at 2). In support of the relevant facts, we add that the parties' Agreement of Sale included the following:

**29. Entire Agreement**. This Agreement, including exhibits, contains all of the agreements and understandings between the parties hereto; this Agreement supersedes and replaces any and all prior or contemporaneous agreements, understandings, warranties or representations of the parties or their counsel or anyone on the their behalf, of every nature and kind and whenever or wherever made, written or oral; and this Agreement may not be altered or amended except by a writing executed by all of the parties hereto.

(Agreement of Sale, dated 12/31/15, at 14; R.R. at 103a). Further, the Note states:

**Events of Default**. Each of the following shall constitute an Event of Default *if not cured by Borrower within ten (10) days after notice from Lender* unless a longer notice cure period is specified herein:

(a) There shall occur any default by Borrower in the payment of any principal of or interest under this Note or any other amounts due hereunder or any other loan document when due; or

*     *     *

**Remedies of Lender**. Upon the determination by Lender that there has been the occurrence of an Event of

- 2 -

Default, and following the expiration of any applicable grace or cure period, the Lender may if it so elects, without any notice or demand to Borrower whatsoever (which notice or demand is expressly waived, **except to the extent otherwise specifically provided herein**), exercise any or all (or none) of the following rights and remedies (all of which rights and remedies shall be cumulative) as the Lender, in its sole discretion, may deem necessary or appropriate:

      (a)   Declare immediately due and owing all outstanding Loan sums due to Lender hereunder or under any of the loan documents.

\*     \*     \*

**CONFESSION OF JUDGMENT: BORROWER HEREBY AUTHORIZES AND EMPOWERS ANY ATTORNEY OR THE PROTHONOTARY OR CLERK OF ANY COURT IN THE COMMONWEALTH OF PENNSYLVANIA, OR IN ANY OTHER JURISDICTION THAT PERMITS THE ENTRY OF JUDGMENT BY CONFESSION, TO APPEAR FOR BORROWER AT ANY TIME AFTER THE OCCURRENCE OF ANY EVENT OF DEFAULT UNDER THIS NOTE OR AT ANY TIME AFTER THE MATURITY DATE HEREUNDER IN ANY ACTION BROUGHT AGAINST BORROWER HEREUNDER BY LENDER, WITH OR WITHOUT COMPLAINT OR DECLARATION FILED, WITHOUT STAY OF EXECUTION, AS OF ANY TERM OR TIME, AND THEREIN TO CONFESS OR ENTER JUDGMENT AGAINST BORROWER FOR ALL, OR ANY PART OF, THE UNPAID PRINCIPAL BALANCE HEREUNDER AND ACCRUED INTEREST THEREON, TOGETHER WITH ALL COSTS AND OTHER EXPENSES INCURRED IN CONNECTION THEREWITH AND AN ATTORNEYS' COLLECTION COMMISSION OF FIVE (5%) PERCENT OF THE AGGREGATE AMOUNT OF THE FOREGOING SUMS, BUT IN NO EVENT LESS THAN FIVE THOUSAND ($5,000) DOLLARS; AND FOR SUCH PURPOSE THE ORIGINAL OR ANY PHOTOCOPY OF THIS NOTE AND AN AFFIDAVIT OF LENDER OR LENDER'S COUNSEL AVERRING TO THE EVENT OF DEFAULT SHALL BE A GOOD AND SUFFICIENT WARRANT OF ATTORNEY.**

SUCH AUTHORIZATION SHALL NOT BE EXHAUSTED BY ONE EXERCISE THEREOF, BUT JUDGMENT MAY BE CONFESSED AS AFORESAID FROM TIME TO TIME. BORROWER HEREBY WAIVES ALL ERRORS AND RIGHTS OF APPEAL, AS WELL AS RIGHTS TO STAY OF EXECUTION AND EXEMPTION OF PROPERTY, IN ANY ACTION TO ENFORCE ITS LIABILITY HEREON.

BORROWER HEREBY ACKNOWLEDGES AND AGREES THAT BORROWER'S REASONABLE EXPECTATION WITH RESPECT TO THE AUTHORIZATION GRANTED PURSUANT TO ANY WARRANT OF ATTORNEY OR POWER OF ATTORNEY HEREUNDER, IS THAT LENDER OR ITS ATTORNEY MAY CONFESS JUDGMENT AS SET FORTH HEREIN, SEEK TO FORECLOSE ON COLLATERAL AND TAKE ALL OTHER ACTIONS WITH RESPECT TO THE EXERCISE OF LENDER'S RIGHTS HEREUNDER. BORROWER HEREBY WAIVES ALL OTHER DUTIES OF LENDER THAT MAY ARISE UNDER 20 PA. C.S.A. § 5601.3(b). BORROWER HEREBY REMISES, RELEASES, AND FOREVER DISCHARGES, AND WAIVES ALL CLAIMS, CAUSES OF ACTION AND ANY OTHER RIGHTS AGAINST, TD BANK, N.A. AND ITS PREDECESSORS, LEGAL REPRESENTATIVES, PAST AND PRESENT PARENT COMPANIES, SUBSIDIARIES, AGENTS, EMPLOYEES, SERVANTS, INSURERS, ATTORNEYS, OFFICERS, DIRECTORS, STOCKHOLDERS, AFFILIATES, AFFILIATE COUNTERPARTIES, SUCCESSORS IN INTEREST, AND ASSIGNS OF AND FROM ANY AND ALL CLAIMS, DEMANDS, DAMAGES, FEES, AND COSTS, SUMS OF MONEY, RIGHTS, CAUSES OF ACTIONS, OBLIGATIONS AND LIABILITIES OF ANY KIND OR NATURE WHATSOEVER INCLUDING ATTORNEYS' FEES, ARISING UNDER OR RELATING TO ANY DUTIES OF AN AGENT UNDER 20 PA.C.S.A. § 5601.3 OR OTHERWISE.

THE AUTHORITY GRANTED HEREIN TO CONFESS JUDGMENT SHALL NOT BE EXHAUSTED BY ANY EXERCISE THEREOF, BUT SHALL CONTINUE FROM TIME TO TIME AND AT ALL TIMES UNTIL PAYMENT IN FULL OF ALL THE AMOUNTS DUE HEREUNDER. BORROWER ACKNOWLEDGES THAT IT HAS BEEN REPRESENTED BY COUNSEL IN CONNECTION WITH

**THE EXECUTION AND DELIVERY OF THIS INSTRUMENT (OR HAS MADE THE UNILATERAL DECISION NOT TO CONSULT WITH COUNSEL IN CONNECTION WITH THE EXECUTION AND DELIVERY OF THIS INSTRUMENT) AND THAT IT KNOWINGLY WAIVES ITS RIGHT TO BE HEARD PRIOR TO THE ENTRY OF SUCH JUDGMENT AND UNDERSTANDS THAT, UPON SUCH ENTRY, SUCH JUDGMENT SHALL BECOME A LIEN ON ALL REAL PROPERTY OF BORROWER IN THE COUNTY WHERE SUCH JUDGMENT IS ENTERED.**

**PRIOR TO SIGNING THIS INSTRUMENT, BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS INSTRUMENT. BORROWER AGREES TO THE TERMS OF THIS INSTRUMENT AND ACKNOWLEDGES RECEIPT OF A TRUE AND COMPLETE COPY OF THIS INSTRUMENT.**

(Note, 2/29/16, at 3, 5-7; R.R. at 19a, 21a-23a) (some emphasis added).

Appellant's signature appears directly under this paragraph.

On appeal, Appellant raises three issues:

DID THE [TRIAL] COURT ERR IN DENYING APPELLANT'S REQUEST FOR ENTRY OF A RULE TO SHOW CAUSE REQUESTING DISCOVERY WHERE APPELLANT PROPERLY FILED A PETITION TO STRIKE AND/OR OPEN JUDGMENT AND PRESENTED A *PRIMA FACIE* DEFENSE TO THE CAUSE OF ACTION?

DID THE [TRIAL] COURT ERR IN DENYING APPELLANT'S PETITION TO STRIKE AND/OR OPEN JUDGMENT WHERE THE PETITION DEMONSTRATED MERITORIOUS DEFENSES OF BREACH OF CONTRACT BY APPELLEE IN PROVIDING FALSE FINANCIAL INFORMATION AND FAILING TO DISCLOSE STRUCTURAL PROBLEMS WITH THE PROPERTY, MISREPRESENTING THE VALUE OF EQUIPMENT GIVEN FOR THE NOTE, AND FAILURE TO GIVE REQUIRED NOTICE UNDER THE TERMS OF THE NOTE, WHICH FORM THE BASIS OF THE CONFESSED JUDGMENT, THAT SHOULD BE PRESENTED TO A JURY?

DID THE [TRIAL] COURT ERR IN DENYING APPELLANT'S PETITION TO STRIKE AND/OR OPEN JUDGMENT WHERE THE RECORD DEMONSTRATED ERRORS IN THE RECORD CONSISTING OF A FAILURE TO GIVE REQUIRED NOTICE BEFORE DECLARING THE DEFAULT THAT LED TO THE CONFESSED JUDGMENT, AVERRING A DEFAULT OF $6,459.22 BUT CONFESSING JUDGMENT FOR A FIGURE 33 TIMES HIGHER ($212,381.83), WHICH IS EXCESSIVE AND WITHOUT AVERRING ANY ACCELERATION OF THE NOTE, AND FOR SEEKING AN UNREASONABLE ATTORNEY FEE GIVEN THE AMOUNT OF WORK INVOLVED IN THE CONFESSION OF JUDGMENT?

(Appellant's Brief at 4).

In its first issue, Appellant claims the trial court should have used Appellant's proposed rule to show cause, attached to its petition to strike and/or open the confessed judgment, because in its proposed rule, Appellant sought discovery and a stay of execution on the confessed judgment. Appellant insists it was entitled to discovery on disputed facts, which was necessary to provide a proper record for the trial court to decide the matter. Appellant submits the purpose behind the rule to show cause was thwarted, because the court did not allow discovery.

In its second issue, Appellant argues Appellee committed various defaults under the Agreement of Sale. Specifically, Appellant contends Appellee misrepresented the financial information of the business, misconstrued the worth of the equipment purchased, and overvalued the building, which was structurally unsound. Appellant claims these "defaults" constituted meritorious defenses to the confession of judgment. Appellant submits Appellee's general denials to allegations in the petition to strike

and/or open constituted admissions of fact, which provided a defense to Appellee's judgment on the Note. Appellant concludes this Court should reverse and remand at least to allow for discovery to create a proper record in order to open the confession of judgment and conduct a trial on the matter. We disagree.

"[W]e review the order denying Appellant's petition to open the confessed judgment for an abuse of discretion." **Neducsin v. Caplan**, 121 A.3d 498, 506 (Pa.Super. 2015).

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason.

**Miller v. Sacred Heart Hosp.**, 753 A.2d 829, 832 (Pa.Super. 2000) (internal citations omitted).

"If the truth of the factual averments contained in [the complaint in confession of judgment and attached exhibits] are disputed, then the remedy is by proceeding to open the judgment." **Neducsin, supra** at 504. "A petition to open a confessed judgment is an appeal to the equitable powers of the court." **Id.** The trial court may open a confessed judgment "if the petitioner (1) acts promptly, (2) alleges a meritorious defense, **and** (3) can produce sufficient evidence to require submission of the case to a jury." **Id.** at 506 (emphasis in original). The test to open a confessed judgment is conjunctive; petitioner must meet all three prongs to succeed. **See id.**

- 7 -

A meritorious defense is one upon which relief could be afforded if proven at trial.

Pa.R.Civ.P. 2959(e) sets forth the standard by which a court determines whether a moving party has properly averred a meritorious defense. If evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment. Furthermore, the court must view the evidence presented in the light most favorable to the moving party, while rejecting contrary evidence of the non-moving party. The petitioner need not produce evidence proving that if the judgment is opened, the petitioner will prevail. Moreover, we must accept as true the petitioner's evidence and all reasonable and proper inferences flowing therefrom.

In other words, a judgment of confession will be opened if a petitioner seeking relief therefrom produces evidence which in a jury trial would require issues to be submitted to a jury. The standard of sufficiency here is similar to the standard for a directed verdict, in that we must view the facts most favorably to the moving party, we must accept as true all the evidence and proper inferences in support of the defense raised, and we must reject all adverse allegations. The trial court can make this decision as a **matter of law** when the defense presented is without adequate substance, because contract construction and interpretation is generally a question of law for the court to decide.

*Id.* at 506-07 (internal citations and quotation marks omitted) (emphasis added). "Generally, the court will dispose of the rule on petition and answer, along with other discovery and admissions." *Id.* at 506. *See* Pa.R.C.P. 2959(e) (stating: "(e) The court shall dispose of the rule on petition and answer, and on any testimony, depositions, admissions and other evidence. The court for cause shown may stay proceedings on the petition insofar as it

seeks to open the judgment pending disposition of the application to strike off the judgment. If evidence is produced which in a jury trial would require the issues to be submitted to the jury the court shall open the judgment").

When the court is addressing a contract claim, the law states:

> A contract's language is unambiguous if it can be determined without any other guide than knowledge of the simple facts on which its meaning depends. When the contract is clear and unambiguous, the meaning of the contract is ascertained from the writing alone. A court must not distort the meaning of the language or resort to a strained contrivance to find an ambiguity. Additionally, a mere disagreement between the parties regarding the proper construction of the language does not render the contract ambiguous. In the context of a petition to open a confessed judgment, the function of our Court is not to weigh the evidence in support of the defense, but merely to determine whether there was sufficient evidence to go to the jury.
>
> Whether a judge has correctly interpreted a writing and properly determined the legal duties which arise therefrom is a question of law for the appellate court. The legal effect or enforceability of a contract provision presents a question of law accorded full appellate review and is not limited to an abuse of discretion standard. Likewise, if the matter under review involves the interpretation of the Pennsylvania Rules of Civil Procedure, we have before us a question of law, where our standard of review is *de novo* and our scope of review is plenary.

**Neducsin, supra** at 507 (internal citations and punctuation omitted). As a general rule, "clauses in a contract should not be read as independent agreements thrown together without consideration of their combined effects." **Trombetta v. Raymond James Financial Services, Inc.**, 907 A.2d 550, 560 (Pa.Super. 2006). "Terms in one section of the contract, therefore, should

never be interpreted in a manner which nullifies other terms in the same agreement." *Id.* "Furthermore, the specific controls the general when interpreting a contract." *Id.*

Instantly, with respect to the petition to open the confession of judgment, the trial court reasoned as follows:

> The petition to open asserted that the judgment should be opened because [Appellee] had misrepresented the financial conditions and profitability of the tavern, had misrepresented the soundness of the building and the value of the equipment therein, had depleted foodstuff inventory in violation of the sale agreement, and had improperly discontinued power and cable services to the premises.
>
> \* \* \*
>
> Preliminarily, it is noted that in this confession-of-judgment action, an automatic Rule-to-Show-Cause Order was issued as of course, notwithstanding [Appellant's] assertion to the contrary. The docket shows that on the same day when [Appellant] filed its petition, the Motion Court of the Court of Common Pleas of Philadelphia County generated an automatic Order for a "Response Date" to the petition. The automatic Order generated by the Motion Court conformed not only to the Pennsylvania Rules of Civil Procedure, but also to the Philadelphia County Rules of Court. Specifically, Pa.R.C.P. 206.6 states that:
>
> > [a] rule to show cause shall be issued as of course upon the filing of the petition. **The rule shall direct an answer be filed to the petition within twenty days after service of the petition to respondent**.
>
> In addition, the Philadelphia County Rules of Court instruct that:
>
> > [t]he Rule to Show Cause…set forth in Pa.R.C.P. 206.6 is hereby adopted…. **Upon the filing of a petition, a rule to show cause order shall be <u>issued as of course by the Motion Court clerk on behalf of the</u>**

- 10 -

**Court**. The form of rule to show cause shall be substantially as set forth hereunder.

Upon a reading of the afore-quoted Rules, this [c]ourt determined that the automatic Order, and the response date therein, conformed to the requirements of Pa.R.C.P. 206.6 because it directed that an answer be filed within twenty days. For this reason, it is respectfully suggested that this [c]ourt did not err in failing to issue an Order captioned "Rule-to-Show-Cause" because the equivalent to such an Order had been automatically issued by the clerk of the Motion Court of this Court of Common Pleas.

Next, [Appellant] complains that this [c]ourt erred by failing to allow discovery. The law protecting the due process rights of petitioners in a confession-of-judgment action is settled:

> in the context of a judgment confessed on a judgment note, the hearing required to comport with due process means simply an opportunity to be heard; it does not require a proceeding comparable to a full trial, but may be satisfied by other procedural opportunities to be heard, such as a petition to open judgment, a stay of execution, a rule to show cause why the judgment should not be opened, depositions to support the allegations in the petition, and oral argument.

In this case, it is respectfully suggested that [Appellant] did not suffer a deprivation of due process rights when this [c]ourt abstained from ordering discovery, or from holding oral argument and a hearing.[15] There was no deprivation of due process rights because [Appellant] did avail itself of a petition to strike or open the judgment, and did enjoy an opportunity to file a petition to stay execution proceedings. Moreover, [Appellant] received the benefit of an automatic Order which was equivalent to a Rule-to-Show-Cause. For the reasons stated above, it is respectfully suggested that this court did not err when it abstained from ordering discovery, or from holding an argument and a hearing.

[15] The form-order adopted by the Philadelphia County Rules of Court clearly states that "[a] **Hearing or**

- 11 -

**Argument shall be scheduled at the discretion of the Assigned Judge**….” Phila.Civ.R.206.4(c) (2018) (emphasis supplied).

Finally, [Appellant] complains that the judgment should have been opened because [Appellant] had been fraudulently induced by [Appellee] to enter into a contractual relation. Specifically, [Appellant] averred in its petition that [Appellee] had misrepresented the financial strength of the tavern, the soundness of its building, and the conditions of its equipment. This [c]ourt respectfully suggests that it did not err for two reasons: first, any evidence to show fraud in the inducement, as is the case here, is inadmissible by operation of the parol evidence rule. In Pennsylvania:

> parol evidence of prior representations is inadmissible as to a matter covered by the written agreement with an integration clause….

However:

> parol evidence is admissible only to prove fraud in the execution, not the inducement….

In this case, [Appellant] executed an Agreement of Sale containing an integration clause. Under Pennsylvania law, [Appellant] might have been able to assert against the confessed judgment a defense based on fraud-in-the-execution; here however, [Appellant] alleged that it had been induced to enter into a contractual relation with [Appellee] by its fraudulent misrepresentations regarding the tavern's financial viability, the structural conditions of the building, and the soundness of its equipment. These averments can only lead to one conclusion: [Appellant] alleged fraud-in-the-inducement and may not rely on this defense in an effort to open the judgment.

Second, this [c]ourt would not have erred even if [Appellant] had averred fraud-in-the-execution. This [c]ourt would not have erred because [Appellant] had failed to offer in its petition any evidence tending to show that the tavern was in poor financial conditions, or that the building and equipment lay in a state of disrepair.[22]

* * *

[22] "The petitioning party [in a confession of judgment] bears the burden of producing sufficient evidence to substantiate its alleged defenses." ***Haggerty v. Fetner***, 481 A.2d 641, 644 (Pa. Super. 1984).

(Trial Court Opinion at 3-7) (internal citations/footnotes omitted). Under the circumstances of this case, we agree with the court's decision. Appellant cites no relevant law to support its argument claiming the trial court should have used Appellant's proposed rule-to-show-cause order. Additionally, the trial court had full discretion to allow or deny discovery or a hearing. ***See*** Phila.Civ.R.206.4(c) (2018). Furthermore, the integration clause in the parties' Agreement of Sale subsumed Appellant's claims of fraudulent inducement and negated Appellant's alleged "meritorious defenses." ***See Hart v. Arnold***, 884 A.2d 316, 340 (Pa.Super. 2005) (stating "parol evidence of prior representations is inadmissible as to a matter covered by the written agreement with an integration clause…"). Moreover, the record fails to support Appellant's allegations that Appellee made only general denials in answer to Appellant's claims, resulting in admissions of fact. To the contrary, Appellee specifically denied Appellant's allegations and made no admissions in the pleadings to create a meritorious defense to the confessed judgment on the Note. Because Appellant failed to plead a sufficient meritorious defense to the confessed judgment, Appellant did not meet the three-prong test to open the judgment. Therefore, we conclude the court properly denied

Appellant's petition to open the confessed judgment without discovery or a hearing. Thus, we see no reason to disturb that decision.

In its third issue, Appellant contends Appellee did not properly allege the occurrence of a default, as required in a complaint for confession of judgment. Specifically, Appellant claims the warrant of attorney in the Note authorizes a confession of judgment upon an event of default. As defined in the Note, an event of default requires proper notice and ten days to cure the non-payment before accelerating the Note for the full amount due and exercising the warrant of attorney. Appellant maintains Appellee did not plead in its complaint in confession of judgment the giving of the required notice and cure period.

Appellant also contends the judgment entered was grossly excessive, in proportion to the amount in default. Specifically, Appellant claims the confessed judgment of $212,381.83 plus attorneys' fees was thirty-three times larger than the $6,459.22 past due. Additionally, Appellant avers the attorney fees associated with the confession of judgment were unreasonable. Appellant contends the Note provides for "reasonable attorney fees" and given the straightforward complaint filed, the fees claimed were grossly excessive. Appellant concludes this Court should reverse and remand for further proceedings. We agree in part.

In contrast to a petition to open, a petition to strike a confessed judgment is a distinct remedy; these remedies are not interchangeable.

*Neducsin, supra* at 504. Pennsylvania courts are fully aware of the possibility of abuse that can arise from judgments by confession, so courts are strict in ruling upon their validity. *Scott Factors, Inc. v. Hartley*, 425 Pa. 290, 291, 228 A.2d 887, 888 (1967). "Entry of a valid judgment by confession must be 'made in rigid adherence to the provisions of the warrant of attorney; otherwise, such judgment will be stricken.'" *Neducsin, supra* at 505.

"A petition to strike a judgment is a common law proceeding which operates as a demurrer to the record. A petition to strike a judgment may be granted only for a fatal defect or irregularity appearing on the face of the record." *Id.* at 504 (quoting *Resolution Trust Corp. v. Copley Qu-Wayne Associates*, 546 Pa. 98, 106, 683 A.2d 269, 273 (1996)). "A petition to strike is not a chance to review the merits of the allegations of a complaint." *City of Philadelphia v. David J. Lane Advertising, Inc.*, 33 A.3d 674, 677 (Pa.Cmwlth. 2011). "Rather, a petition to strike is aimed at defects that affect the validity of the judgment and that entitle the petitioner, as a matter of law, to relief." *Id.*

"The original record that is subject to review in a motion to strike a confessed judgment consists of the complaint in confession of judgment and the attached exhibits." *Neducsin, supra* at 504 (citing *Resolution Trust Corp., supra* at 108, 683 A.2d at 274). "Factual disputes by definition cannot be raised or addressed in a petition to strike off a confession of judgment,

because factual disputes force the court to rely on matters outside the relevant record to decide the merits of the petition." ***Neducsin, supra*** at 504-05 (citing ***Resolution Trust Corp., supra*** at 109, 683 A.2d at 275). "If the record is self-sustaining, the judgment will not be stricken…. An order of the court striking a judgment annuls the original judgment and the parties are left as if no judgment had been entered." ***Neducsin, supra*** at 504 (quoting ***Hazer v. Zabala***, 26 A.3d 1166, 1169 (Pa.Super.2011)). "We review a trial court's order denying a petition to strike a confessed judgment to determine whether the record is sufficient to sustain the judgment." ***ESB Bank v. McDade***, 2 A.3d 1236, 1239 (Pa.Super. 2010).

Generally:

> It has always been held that formal defects, mistakes, and omissions in confessions of judgment may be corrected by amendment where the cause of the action is not changed, where the ends of justice require the allowance of such amendment, and where the substantive rights of defendant or of any third persons will not be prejudiced thereby.

***West Penn Sand & Gravel Co. v. Shippingport Sand Co.***, 367 Pa. 218, 222, 80 A.2d 84, 86 (1951). Nevertheless, in this context, the law distinguishes between a formal defect that can be cured by simple amendment and a fatal defect on the face of the record that invalidates the judgment. ***Dime Bank v. Andrews***, 115 A.3d 358, 367 (Pa.Super. 2015) (holding complaint in confession of judgment was fatally defective and should have been stricken, where agreement called for giving written notice of default at least 10 days before entry of confessed judgment; complete failure to allege

- 16 -

giving of notice in complaint and attached exhibits constituted **fatal** defect on face of record). ***Compare West Penn Sand & Gravel Co., supra*** (holding failure to attach copy of required written notice of default to complaint in confession of judgment constituted **formal** defect that could be corrected by amendment, where attached affidavit of default incorporated by reference written notice of default that had been served on borrower).

Where a contract includes a warrant of attorney that is hinged to the terms of the instrument, the terms of the instrument are essential elements to the lawful exercise of the warrant of attorney. ***Dime Bank, supra*** at 367-68. For example, if the agreement defines an "event of default" as nonpayment of a specific amount plus the requirement of notice and an opportunity to cure, the notice and cure period is an essential element or condition precedent to the proper exercise of a warrant of attorney. ***Id.*** The complete failure to aver, in the complaint to confess judgment and attached exhibits, the fulfillment of the notice/cure elements required in the parties' agreement is more than just a technical or formal pleading defect; it is a fatal defect that compels the court to strike off the judgment. ***Id. See also A. B. & F. Contracting Corp. v. Matthews Coal Co.***, 166 A.2d 317 (Pa.Super. 1960) (holding allegation of 10 days' notice was essential to exercise of warrant of attorney; failure to allege giving of required notice was fatal defect on face of record and not formal defect that could be corrected by amendment, because record was devoid of one of essential elements required for lawful

exercise of warrant of attorney). "Thus, a court must review the contract in its entirety, and a provision will not be construed to result in a forfeiture unless no other reasonable construction is possible." *Kalina v. Eckert*, 497 A.2d 1384, 1385 (Pa.Super. 1985).

In the instant case, the parties executed a Note for $275,000.00 that contained various provisions relevant to the confession of judgment and Appellant's petition to strike. Appellant agreed to pay Appellee a sum certain of $3,229.61 on the fifteenth of each month for 96 months. Appellant paid per the Note for approximately two years, until it failed to pay for two months, leaving a balance due on the Note of $201,729.35. Based on the two months of nonpayment, Appellee executed a warrant of attorney and filed a confessed judgment against Appellant.

Appellant averred in ¶33 of its petition to strike the confessed judgment, that Appellee "does not properly allege that a default occurred and proper notice to cure was given before seeking the entire amount" of the Note. (See Appellant's Petition to Strike or Open Judgement Entered By Confession by [Appellee], filed 11/6/18, at 6; R.R. at 49a.) Therefore, we reject Appellee's contention that Appellant waived its objection to the lack of any averment of notice in the complaint for confession of judgment or attachments.

As read in its entirety, the Note defines an "Event of Default" to include notice to Appellant with a ten-day cure period. Per the Remedies of Lender provision in the Note, Appellee could not exercise its rights under the Note

until the nonpayment occurred, notice was given to Appellant and a cure period had expired. The warrant of attorney in the Note authorizes Appellee to enter a confessed judgment against Appellant **after** the occurrence of an "Event of Default," which includes notice and the ten-day cure period. In failing to aver it had given proper notice and time to cure in the complaint and attached exhibits, Appellee did not adhere strictly to the terms of the Note upon which the warrant of attorney is based. Due to Appellee's complete failure to aver the giving of notice and time to cure, the record was missing an essential element to the lawful exercise of the warrant of attorney. Therefore, a fatal defect appears on the face of the record, and the trial court should have stricken the judgment of confession. Accordingly, the judgment before us must be stricken under controlling case law. **See Dime Bank, supra**; **A. B. & F. Contracting Corp., supra**.

With respect to Appellant's argument that the confessed judgment was grossly excessive, given the amount in default, Appellant relies on various cases to support its proposition. **See Roche v. Rankin**, 406 Pa. 92, 176 A.2d 668 (1962) (holding money judgment for principal sum and interest was not authorized under warrant of attorney, which allowed payment of principal sum only; warrant of attorney must be strictly construed to conform precisely to its terms; judgment was entered in good faith and could be modified to exclude unauthorized items); **Homart Development Co. v. Sgrenci**, 662 A.2d 1092 (Pa.Super. 1995) (holding judgment was grossly excessive when

party in whose favor warrant was given had confessed judgment for money damages **and** possession of leased premises, where judgment provided for double recovery based on single wrong; warrant holder could confess judgment for future rents under acceleration clause **or** judgment in ejectment but not both). *Compare Dollar Bank, Federal Sav. Bank v. Northwood Cheese Co., Inc.*, 637 A.2d 309 (Pa.Super. 1994) (holding award of attorneys' fees of 15% of judgment amount was not grossly excessive, where warrant of attorney specifically authorized amount, and Appellants provided no evidence concerning excessiveness of fee).

Here, the warrant of attorney in the parties' Note authorized Appellee to enter a confession of judgment for the entire unpaid principal balance and accrued interest under the acceleration clause of the Note, plus costs and other expenses incurred in connection with the judgment, plus attorneys' collection commission of 5% of the aggregate amount, but in no event less than $5,000.00. (*See* Note, 2/29/16, at 6; R.R. at 22a.) Nothing in the record indicates Appellee was seeking a double recovery based on a single wrong. Therefore, we agree with Appellee that Appellant's reliance on these cases is misplaced and the judgment cannot be stricken on the ground of gross excessiveness.

The Note also expressly provided for attorneys' fees in an amount equal to 5% of the total of the accelerated amount and interest owed under the Note plus costs and other expenses incurred in the collection. Theoretically, the

counsel fees of $10,113.42 were consistent with the terms of the Note and therefore, not "unreasonable." Appellant stopped paying early into the payment schedule, so the amount Appellant owed was still high. Nevertheless, under the facts of this case, Appellee did not properly aver notice of nonpayment and a cure period. Counsel's failure to draft the complaint in confession of judgment consistent with the terms of the Note precludes an award of counsel fees related to the stricken judgment. The Note, however, allows Appellee to confess judgment as many times as necessary until payment in full of all amounts due; so, Appellee did not exhaust the warrant of attorney in this flawed attempt to confess judgment. On the other hand, Appellant should not have to pay the counsel fees and costs related to a defective exercise of the warrant of attorney.

Based upon the foregoing, we affirm the order denying Appellant's petition to open the confessed judgment. We reverse the order denying Appellant's petition to strike the confessed judgment as well as the award of counsel fees and costs related to that judgment. Our decision is without prejudice to Appellee to try again for relief authorized under the Note, including commencement of another proceeding in strict compliance with the terms of the Note, including proper averment of notice and a cure period. ***See Neducsin, supra***; ***Dime Bank, supra***; ***A. B. & F. Contracting Corp., supra***.

Order affirmed in part and reversed in part.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/2/19